## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NACOLA MAGEE, and JAMES PETERSON, on behalf of plaintiffs and the class defined below, | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.    Plaintiffs Nacola Magee and James Peterson bring this action to secure redress from unlawful collection practices engaged in by defendant Portfolio Recovery Associates ("PRA").  Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.    The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 (general federal question), and 28 U.S.C. §1337 (interstate commerce).

4.    Venue and personal jurisdiction in this District are proper because:

a.    Defendant's collection communications and activities impacted plaintiff Magee within this District;

b.    Defendant does or transacts business within this District.

1

## PARTIES

5.      Plaintiff Nacola Magee is an individual who resides in the Northern District of Illinois.

6.      Plaintiff James Peterson is an individual who resides in Gary, Indiana.

7.      Defendant PRA is a limited liability company with offices at 120 Corporate Blvd, Norfolk, VA 23502. It does or transacts business in Illinois.

8.      Defendant PRA is engaged in the business of purchasing or claiming to purchase allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

9.      Defendant PRA pays an average of less than ten cents on the dollar for the debts it purchases.

10.      Defendant PRA then attempts to collect the allegedly purchased debts by filing suits on them.

11.      Defendant PRA has been the plaintiff in 1,000 collection lawsuits that have been filed in Cook County, Illinois between 9/8/11 and 1/25/12.

12.      Defendant PRA regularly uses the mails and telephones in conducting its business.

13.      Defendant PRA is a "debt collector" as defined in the FDCPA.

## FACTS- Nacola Magee

14.      On or about October 3, 2011, PRA sent plaintiff Nacola Magee the letter attached as Exhibit A.

15.      Exhibit A sought to collect a purported credit card debt incurred for personal, family or household purposes and not for business purposes.

16.      If the debt is owed at all, it was incurred prior to 2004.

2

**FACTS- James Peterson**

17.     On or about August 22, 2011, PRA sent plaintiff James Peterson the letter attached as <u>Exhibit B</u> , referring to an account ending in 6581.

18.     <u>Exhibit B</u> sought to collect a purported credit card debt incurred for personal, family or household purposes and not for business purposes.

19.     If the debt is owed at all, it was incurred prior to 2005.

20.     On or about August 29, 2011, PRA sent plaintiff James Peterson the letter attached as <u>Exhibit C</u>, referring to an account ending in 1616.

21.     <u>Exhibit C</u> sought to collect a purported credit card debt incurred for personal, family or household purposes and not for business purposes.

22.     If the debt is owed at all, it was incurred prior to 2005.

23.     Defendant regularly seeks to collect credit card bills.

24.     The statute of limitations on a credit card debt in Illinois is five years.

25.     The statute of limitations on a credit card debt in Indiana and Wisconsin is six years.

26.     Defendant regularly attempts to collect debts on which the statute of limitations has expired.

27.     Nothing in <u>Exhibits A, B or C</u> disclosed that the debts were barred by the statute of limitations.

28.     The Federal Trade Commission has determined  that  "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)   The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations.  *United*

*States of America (For the Federal Trade Commission)  v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

## VIOLATION ALLEGED

29. Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by dunning consumers on time-barred debts without disclosure of that fact.

30. The nondisclosure is exacerbated by the offers of a "settlement" in <u>Exhibits B and C</u>. An offer to settle implies a colorable obligation to pay.

31. Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)    The false representation of--**

**(A)    the character, amount, or legal status of any debt; . . .**

**(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

32.. Section 1692f provides:

**§ 1692f.        Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

33. Plaintiffs bring this claim on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

34. The class consists of (a) all individuals in Illinois, Indiana and Wisconsin (b) to whom PRA (c) sent a letter seeking to collect a debt (d) which debt was (i) a credit card debt on

which the last payment had been made more than five years prior to the letter in Illinois or (ii) a credit card debt on which the last payment had been made more than six years prior to the letter in Indiana and Wisconsin (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

35.    On information and belief, the class is so numerous that joinder of all members is not practicable.

36.    There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are (a) whether defendant attempts to collect time-barred debts without disclosure of that fact and (b) whether such practice violates the FDCPA.

37.    Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

38.    Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

39.    A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.    Individual actions are not economically feasible.

      b.    Members of the class are likely to be unaware of their rights;

      c.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class members and against defendant for:

      (1)    Statutory damages;

      (2)    Actual damages, including all amounts paid on time-barred debts;

      (3)    Attorney's fees, litigation expenses and costs of suit;

(4)     Such other and further relief as the Court deems proper.


s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>NOTICE OF ASSIGNMENT</u>

Please be advised that all rights relating to attorney's fees have been assigned to counsel.


<u>s/Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

7