UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINIOS
EASTERN DIVISION

| | |
|---|---|
| NACOLA MAGEE and<br>JAMES PETERSON, individually and on<br>behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PORTFOLIO RECOVERY<br>ASSOCIATIONS, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 12 C 1624<br>)<br>) Judge John W. Darrah<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Nacola Magee and James Peterson filed a class-action Complaint against Portfolio Recovery Associates LLC ("PRA"), arising out of the debt collection practices of PRA. Plaintiffs allege, individually and on behalf of all others similarly situated, that PRA violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* when it sent Plaintiffs collection letters because PRA was aware, at the time it sent the letter, that the statute of limitations to sue on the underlying debt had already run. Plaintiffs seek statutory damages from PRA pursuant to the FDCPA. PRA filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

### BACKGROUND

For the purpose of resolving the Motion to Dismiss, Plaintiffs' Complaint is construed in a light most favorable to Plaintiffs: well-pleaded facts are accepted as true, and inferences are drawn in Plaintiffs' favor. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). PRA is a business that engages in the purchasing of defaulted debts originally owed to

1

other businesses. (Compl. ¶ 8.) PRA sent Magee, a resident of Illinois, a letter dated October 3, 2011, attempting to collect on a debt originally owed by Magee to Capital One Bank. (*Id.* ¶¶ 5, 14.) Magee states all of the debt in question was incurred prior to 2004, if it was incurred at all. (*Id.* ¶ 16.) PRA sent Peterson, a resident of Indiana, a collection letter dated August 22, 2011, attempting to collect on a debt also originally owed to Capital One Bank. (*Id.* ¶¶ 6, 17.) PRA also sent a letter to Peterson dated August 29, 2011, attempting to collect on a different account originally owed to Capital One Bank. Peterson also alleges this debt was incurred prior to 2005, if it was incurred at all. (*Id.* ¶ 19.) The collection letters sent to both Plaintiffs did not disclose that the debts were time-barred by the statute of limitations. (*Id.* ¶ 27.)

Plaintiffs contend PRA violated Sections 1692e and 1692f of the FDCPA by failing to disclose that the debt was barred by the statute of limitations. (*Id.* ¶ 29.) On March 6, 2012, Plaintiffs filed this action seeking recovery for PRA's alleged violations. (*Id.* ¶ 1.) Plaintiffs also seek class certification pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). (*Id.* ¶ 34.) They seek a class consisting of all individuals in Illinois, Wisconsin, and Indiana to whom PRA sent debt-collection letters, seeking to collect on a time-barred debt. (*Id.*)

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as

true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). For a claim to have plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

## ANALYSIS

### *Unfair and Deceptive Acts and Practices*

Both Plaintiffs complain PRA engaged in unfair and deceptive acts and practices in violation of Sections §§ 1692e, 1692e(5), 1692e(10), and 1692f of the FDCPA by failing to disclose to the Plaintiffs the statute of limitations had expired and that the debt could not be collected through a court action. (Compl. ¶ 29.) Plaintiffs further allege that this non-disclosure was exacerbated by the PRA's offers in the collection letters to "settle" the debt. (*Id.* ¶ 30.) Plaintiffs support their argument by pointing to a consent decree entered into by the Federal Trade Commission ("FTC") and another debt-collection agency, Asset Acceptance ("Asset"), where the FTC alleged Asset engaged in deceptive practices by failing to disclose to debtors the statute of limitations had run on their debt. (Resp. at 2.) PRA argues that attempting to collect a time-barred debt does not violate the FDCPA, PRA is not required to make the disclosure sought by the Plaintiffs, and the consent decree referenced by Plaintiffs is not binding on PRA.

3

The FDCPA "was designed to protect against the abusive debt collection practices likely to disrupt a debtor's life." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 343 (7th Cir. 1997). Section 1692g(a) requires the debt collector to disclose the following information to the consumer in the initial communication or five days after the first written communication:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). Furthermore, Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>       \*      \*      \*
>
> (2) The false representation of –
>     (A) the character, amount, or legal status of any debt; . . .
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>       \*      \*      \*
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e. Finally, Section 1692f states, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

In determining whether the debt-collection letter violates the FDCPA, the Seventh Circuit has held debt-collection letters alleged to have violated the FDCPA must be reviewed from the perspective of an "unsophisticated consumer or debtor." *Durkin v. Equifax Check Serv., Inc.,*

4

406 F.3d 410, 414-415 (7th Cir. 2005) (citing *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 564-66 (7th Cir. 2004)).

Whether a debt can be collected past the statute of limitations is a matter of state law, and under both Illinois and Indiana law, the statute of limitations is procedural and does not alter substantive rights. *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A.*, 770 N.E.2d 177, 194 (Ill. 2002) (*Belleville*); *see also Martin v. Brown*, 716 N.E.2d 1030, 1034 (Ind. App. Ct. 1999) (*Martin*). This means that the debt collector can still attempt to collect on the debt outside of a court action, whether or not the statute of limitations has expired. Thus, the "running of the statute of limitations would bar PRA from collecting through the courts, but it does not extinguish plaintiff's debt." *Murray v. CCB Credit Serv., Inc.*, No. 04 C 7456, 2004 WL 2943656, at *2 (N.D. Ill. Dec. 15, 2004) (*Murray*). A federal statute is employed as a vehicle to enforce a violation of state law. As the Seventh Circuit held, the FDCPA can be violated if a debt collector attempts to collect an amount not permitted by law, 15 U.S.C. § 1692f(1), or misrepresents that an amount it is collecting is lawful. 15 U.S.C. § 1692e(2)(A); *Olvera v. Blitt & Gaines, P.C.*, 431 F.3d 285, 287 (7th Cir. 2005).

Courts in this district have denied FDCPA claims where a debt collector attempted to collect on a time-barred debt. In *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, 615 (N.D. Ill. 2001) (*Walker*), defendant attempted to collect on a bad check debt "where the statute of limitations to sue on such debt had run." *Id.* In *Murray*, the plaintiff alleged a violation of the FDCPA when defendant attempted to collect on a time-barred debt. *Murray*, 2004 WL 2943656 at *2. In both *Walker* and *Murray*, the courts concluded that "[m]erely attempting to collect a time-barred debt does not violate the FDCPA." *Id.*; *see also Walker*, 200 F.R.D. at 616. Finally, for a plaintiff to survive a motion to dismiss, a debt collector's attempt to "collect on a time-

barred debt must be accompanied by actual litigation or a threat, either explicit or implicit, of future litigation." *Walker*, 200 F.R.D. at 616.

Recently, a court in this district dismissed a complaint, involving claims substantially similar to those presented by Plaintiffs here.[1] *See McMahon v. LVNV Funding, LLC*, No. 12 C 1410 (N.D. Ill. July 5, 2012) (*McMahon*) (dismissing plaintiff's class allegations that defendant violated the FDCPA for failing to disclose that the statute of limitations had expired as to the debt it was seeking to collect). Here, PRA attempted to collect both Plaintiffs' debts, which because of the lapse in the statute of limitations, could not be collected by filing a lawsuit. (Compl. ¶¶ 16, 22.) Plaintiffs do not allege the debt-collection letters contained "any threat, either explicit or implicit," or was accompanied by actual litigation. *See Walker*, 200 F.R.D. at 616. Nor do they allege any language contained in the letters was confusing. *Id.* Although the statute of limitations has lapsed on the debts at issue, under both Illinois and Indiana law, PRA could still seek to collect on the debts owed by Plaintiffs. *See Belleville*, 199 Ill.2d at 351; *Martin*, 716 N.E.2d at 1034.

Additionally, a debt collector is allowed to use the term "settle" or "settlement" in a debt-collection letter. *See Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769, 775-76 (7th Cir. 2007) (noting there is nothing improper about making an offer of settlement).

Plaintiffs also argue that by failing to disclose the fact that the debts were time-barred, PRA engaged in unfair and deceptive practices in violation of the FDCPA. (Compl. ¶ 29.) Section 1692g(a) of the FDCPA provides what information must be disclosed to the consumer in

---

[1] PRA submitted *McMahon* as additional authority after the briefing regarding the motion to dismiss had concluded. *McMahon* involves the same Plaintiffs' and Defendant's counsel as in this case. Plaintiffs filed a response to PRA's submission, arguing that *McMahon* was incorrectly decided. (Dkt. No. 33.)

a debt-collection letter. 15 U.S.C. § 1692g(a). This section of the FDCPA does not contain a requirement that a debt collector must disclose that the consumer's debt is time-barred.

Plaintiffs' reliance upon a consent agreement entered by the FTC and Asset Acceptance to support their claim is misplaced. (Resp. at 2.) The consent agreement stemmed from a civil complaint filed by the FTC against Asset, which among other things, alleged that Asset engaged in deceptive acts or practices by failing to disclose that Asset "cannot require through a lawsuit that consumers pay debts beyond the statute of limitations." (Resp., Appendix A at 19.) However, within the consent decree itself, Asset did not admit to any of the wrongdoing alleged in the complaint, nor was the entry of the decree an admission of any of the allegations or violations of the law. (Pl.'s Resp. Appendix C at 3.)

Importantly, this consent decree is not binding on PRA and does not establish PRA's collection letters violate the FDCPA. A consent decree "is the agreement of the parties," under which the signing parties agree to the obligations contained therein. *Local No. 93, Intern. Ass'n of Firefighters, AFL-CIO C.L.C. v. City. of Cleveland*, 478 U.S. 501, 529 (1986). A consent agreement's power does not come from the "force of the law upon which the complaint was originally based." *Id.* Furthermore, parties who sign a consent agreement cannot impose duties or obligations on a third party without that third party's consent. *Id.* Therefore, it is clear that the consent agreement entered into between the FTC and Asset is not binding on PRA.

Plaintiffs also contend that the FTC's determination of what constitutes a deceptive practice should be given deference under *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984). Plaintiffs' contention is misplaced. Statutory interpretations by agencies are only entitled to substantial deference if the administrative body has rule-making authority. *Id.* at 843-44. The FTC does not have rule-making authority under the FDCPA. 15 U.S.C.

§1692l(d); *see McMahon*, 2012 WL 2597933, at **2-3. Accordingly, the FTC's position in the Asset consent decree is not entitled to *Chevron* deference.

For the reasons set forth above, PRA's Motion to Dismiss is granted. Because the FDCPA claims asserted by Plaintiffs are dismissed, the claims of the putative class must also fail. "It is, of course, axiomatic that the named representative of a class must be a member of that class." *Foster v. Center Township of LaPorte County*, 798 F.2d 237, 244 (7th Cir. 1986). The named representative of a class must have suffered the same injury and have the same interest of the class members. *East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 406 (1977). Since the named representatives of this putative class have failed to properly assert any FDCPA claims against PRA, the putative class claims arising under the FDCPA are necessarily dismissed.

## CONCLUSION

For the reasons set forth above, PRA's Motion to Dismiss [19] is granted. Plaintiffs' Motion for Class Certification [7] is denied as moot. Plaintiff may file an amended complaint, consistent with the requirements of Federal Rule of Civil Procedure 11, within 30 days of the date of this Order.

Date: 8-15-12

JOHN W. DARRAH
United States District Court Judge