| | | |
|---|---|---|
| NACOLA MAGEE, and JAMES PETERSON, on behalf of plaintiffs and the class defined below, | ) ) ) ) | |
| Plaintiffs, | ) ) | 12-cv-1624 |
| vs. | ) ) | Judge John W. Darrah |
| PORTFOLIO RECOVERY ASSOCIATES. LLC | ) ) | Magistrate Judge Morton Denlow |
| Defendant. | ) | |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Pursuant to this Court's Order of August 15, 2012 granting Plaintiffs leave to file an amended complaint in accordance with the Court's dismissal order, and in further accordance with the recent opinion issued in *McMahon v. LVNV Funding, LLC, et al.,* 2012 U.S. Dist. LEXIS 113576 (N.D. Ill. August 13, 2012), Plaintiffs Nacola Magee and James Peterson bring this action to secure redress from unlawful collection practices engaged in by defendant Portfolio Recovery Associates ("PRA").  Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.       The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt: it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331 (general federal question), and 28 U.S.C. §1337 (interstate commerce).

4.      Venue and personal jurisdiction in this District are proper because:

      a.     Defendant's collection communications and activities impacted plaintiff Magee within this District;

      b.     Defendant does or transacts business within this District.

## PARTIES

5.     Plaintiff Nacola Magee is an individual who resides in the Northern District of Illinois.

6.     Plaintiff James Peterson is an individual who resides in Gary, Indiana.

7.     Defendant PRA is a limited liability company with offices at 120 Corporate Blvd, Norfolk, VA 23502. It does or transacts business in Illinois.

8.     Defendant PRA is engaged in the business of purchasing or claiming to purchase allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

9.     Defendant PRA pays an average of less than ten cents on the dollar for the debts it purchases.

10.     Defendant PRA then attempts to collect the allegedly purchased debts by filing suits on them.

11.     Defendant PRA has been the plaintiff in 1,000 collection lawsuits that have been filed in Cook County, Illinois between 9/8/11 and 1/25/12.

12.     Defendant PRA regularly uses the mails and telephones in conducting its business.

13.     Defendant PRA is a "debt collector" as defined in the FDCPA.

**FACTS- Nacola Magee**

14.     On or about October 3, 2011, PRA sent plaintiff Nacola Magee the letter attached as <u>Exhibit A</u>.

15.     <u>Exhibit A</u> sought to collect a purported credit card debt incurred for personal, family or household purposes and not for business purposes.

16.     <u>Exhibit A</u> offers to settle the alleged debt for three payments of approximately $200.

17.     The letter states "If you complete this payment plan and our company is reporting our company's trade line for this account to the three major credit reporting agencies, our company will report this account as settled."

18.     The letter states that "Your account was purchased on 7/28/2011 from Capital One Bank, N.A." The letter did not state when the debt was incurred, that it was time-barred, or that making even a small payment could revive the debt.

19.     If the debt is owed at all, it was incurred prior to 2004.

**FACTS- James Peterson**

20.     On or about August 22, 2011, PRA sent plaintiff James Peterson the letter attached as <u>Exhibit B</u> , referring to an account ending in 6581.

21.     <u>Exhibit B</u> sought to collect a purported credit card debt incurred for personal, family or household purposes and not for business purposes.

22.     <u>Exhibit B</u> offers to settle the alleged debt through three different settlement plans.

23.     <u>Exhibit B</u> states that Plaintiff may participate in the "Settlement Option" and pay the debt in one payment, and save "$1,577.79 off the balance," but that the payment must be made "no later than 10/17/2011."

24.     The second option offered by <u>Exhibit B</u>, the "Settlement Plan," demands that

Plaintiff pay $290 over six months, to save "$1,417.79 off the balance," but that the payment must be made "no later than 10/17/2011."

25.     The final option provided by <u>Exhibit B</u> demands that Plaintiff "pay as little as $95.00 per month," but that the first payment must be "due no later than 10/17/2011."

26.     Below each option, the letter states that "Your account will be considered 'Settled in Full' after we post your final payment."

27.     The collection letter states that "Portfolio Recovery Associates purchased the account referenced above on 07/28/2011," suggesting it is recent.  The collection letter does not disclose that the statute of limitations had long since expired or that making a small payment could revive the debt.

28.     If the debt is owed at all, it was incurred prior to 2005.

29.     On or about August 29, 2011, PRA sent plaintiff James Peterson the letter attached as <u>Exhibit C</u>, referring to an account ending in 1616.

30.     <u>Exhibit C</u> sought to collect a purported credit card debt incurred for personal, family or household purposes and not for business purposes.

31.     <u>Exhibit C</u> offers to settle the alleged debt through three different payment plans.

32.     <u>Exhibit C</u> states that Plaintiff may pay the debt in one payment of $1,615 and save "$2,415.20 off the balance," or pay $305 over six months and save "$2,200.20off the balance," or "pay as little as $120.00 per month," but for any of the settlement options, Plaintiff must pay "no later than October 17, 2011.

33.     The collection letter states that "Portfolio Recovery Associates purchased the account referenced above on 07/28/2011," suggesting that it is recent.  The collection letter does not disclose that the statute of limitations had long since expired or that making a small payment could revive the debt.

34.     If the debt is owed at all, it was incurred prior to 2005.

35.    Defendant regularly seeks to collect credit card bills.

36.    The statute of limitations on a credit card debt in Illinois is five years.

37.    The statute of limitations on a credit card debt in Indiana and Wisconsin is six years.

38.    Defendant regularly attempts to collect debts on which the statute of limitations has expired.


### FACTS- Common to Multiple Claims

39.    Nothing in Exhibits A, B or C disclosed that the debts were barred by the statute of limitations.

40.    The Federal Trade Commission has determined  that  "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)   The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations.  *United States of America (For the Federal Trade Commission)  v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

41.    On August 13, 2012, Judge Kocoras in the United States District Court for the Northern District of Illinois, in *McMahon v. LVNV Funding, LLC, et al.,* 2012 U.S. Dist. LEXIS 113576  (N.D. Ill. August 13, 2012), held that allegations that "a letter citing the date that Defendants purchased the debt while omitting the date that the debt was incurred...are sufficient to survive a motion to dismiss." *Id.* at *8.

42.    The *McMahon* court further held that it may be misleading "for a debt collector to send a dunning letter offering a 'settlement' that represents a 'savings...off your balance'

5

on a time-barred debt," and that "Whether a settlement offer in a dunning letter is deceptive is a fact-intensive question that is generally not resolvable at the pleadings stage of a lawsuit. In this case, an unsophisticated consumer may be deceived into believing that the offer of 'settlement' implies that there is a legally enforceable obligation to pay the debt." *Id.* at *9 (internal citations omitted).

43.    On August 2, 2012, the Seventh Circuit in *Lox v. CDA, Ltd.,* 2012 U.S. App. LEXIS 15961 (7th Cir., August 2, 2012) cited with approval the Ninth Circuit case of *Gonzalez v. Arrow Financial Services, LLC*, 660 F.3d 1055 (9th Cir. 2011). The *Gonzalez* court held that "To the least sophisticated debtor, the phrase 'if we are reporting the account, the appropriate credit bureaus will be notified that this account has been settled'" when the account could no longer be legally reported, "suggests that, under some set of circumstances applicable to the recipient Arrow could and would report the account" and that "the implication that Arrow could make a positive report in the event payment is misleading" and "violates 15 U.S.C. §1692e(10)." *Id.* at1063.

## COUNT I- FDCPA- MISLEADING SETTLEMENT OFFERS ON TIME BARRED DEBTS

44.    Plaintiffs Nacola Magee and James Peterson incorporate by reference Paragraphs 1-43.

45.    Defendant engaged in unfair, deceptive, and misleading acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending consumers collection letters that contain settlement offers on time-barred debts without disclosure of the fact that the debt is time barred.

46.    The settlement offers presented in Exhibits A-C are misleading because the statute of limitations on the alleged debts had expired and Defendant had no cognizable claim to recover the debts.

47.    The nondisclosure in conjunction with the offers of a "settlement" in Exhibits A- C implies a colorable obligation to pay and is misleading to the consumer.

48.    Section 1692e provides:

6

**§ 1692e.     False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of--**

**(A)     the character, amount, or legal status of any debt; . . .**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

49.     Section 1692f provides:

**§ 1692f.     Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

50.     Plaintiffs bring this claim on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

51.     The class consists of (a) all individuals in Illinois, Indiana and Wisconsin (b) to whom PRA (c) sent a letter that referred to a "settlement" seeking to collect a debt (d) which debt was (i) a credit card debt on which the last payment had been made more than five years prior to the letter in Illinois  or (ii) a credit card debt on which the last payment had been made more than six years prior to the letter in Indiana and Wisconsin (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

52.     On information and belief, the class is so numerous that joinder of all members is not practicable.

53.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The

predominant common questions are (a) whether defendant attempts to collect time-barred debts without disclosure of that fact and (b) whether such practice violates the FDCPA.

54. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

55. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

56. A class action is superior for the fair and efficient adjudication of this matter, in that:

      a. Individual actions are not economically feasible.

      b. Members of the class are likely to be unaware of their rights;

      c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class members and against defendant for:

      (1) Statutory damages;

      (2) Actual damages, including all amounts paid on time-barred debts;

      (3) Attorney's fees, litigation expenses and costs of suit;

      (4) Such other and further relief as the Court deems proper.

## COUNT II- FDCPA -THREAT OF CREDIT REPORTING

57. Plaintiff Nacola Magee incorporates by reference Paragraphs 1-43.

58. Under federal law, a delinquent debt cannot appear on a person's credit report more than 7 years and 180 days after the beginning of the delinquency. The Fair Credit Reporting Act, 15 U.S.C. §1681c ("FCRA"), provides:

**§ 1681c.  Requirements relating to information contained in consumer reports**

**(a) Information excluded from consumer reports.  Except as authorized under subsection (b), no consumer reporting agency may make any consumer report containing any of the following items of information:**

> **(1) Cases under title 11 of the United States Code or under the Bankruptcy Act that, from the date of entry of the order for relief or the date of adjudication, as the case may be, antedate the report by more than 10 years.**

> **(2) Civil suits, civil judgments, and records of arrest that, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period.**

> **(3) Paid tax liens which, from date of payment, antedate the report by more than seven years.**

> **(4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.**

> **(5) Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years. . . .**

**(c) Running of reporting period.**

> **(1) In general. The 7-year period referred to in paragraphs (4) and (6) of subsection (a) shall begin, with respect to any delinquent account that is placed for collection (internally or by referral to a third party, whichever is earlier), charged to profit and loss, or subjected to any similar action, upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action. . . .**

There is an exception for special reports prepared in connection with credit and life insurance transactions involving more than  $150,000 and employment at more than $75,000.

59.     At the time <u>Exhibit A</u> was sent, the reporting period with respect to plaintiff Magee's debt had expired.

60.     Defendant knew or was chargeable with knowledge that the reporting period had expired.

61.     Statements about reporting older debts are both "deceptive" and "unfair"

9

in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692e and 1692f. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055 (9th Cir. 2011); *Lox v. CDA, Ltd.,* 2012 U.S. App. LEXIS 15961 (7th Cir., August 2, 2012) (citing with approval *Gonzalez*).

62.     The only reason for referring to credit bureau reporting in Exhibit A is to induce the consumer to believe that the credit bureau can have them appear on a credit report.

63.     Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by referring to credit reporting on debts so old that they cannot be reported on an ordinary credit report.

64.     Section 1692e provides:

> **§ 1692e.      False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)      The false representation of–**
>
> **(A)      the character, amount, or legal status of any debt; . . .**
>
> **(5)      The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(10)      The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

65.     Section 1692f provides:

> **§ 1692f.      Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

66.     Plaintiff Magee brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

67.     The class consists of (a) all individuals with addresses in Illinois, Indiana

and Wisconsin (b) with respect to whom defendant Portfolio Recovery Associates, LLC sent or caused to be sent a letter (directly or by an agent or attorney) (c) to collect a credit card debt (d) more than seven years after charge-off based on defendant's records (e) which letter was sent at any time during a period beginning March 6, 2011 and ending August 26, 2012.

68.     On information and belief, each class is so numerous that joinder of all members is not practicable.

69.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

        a.     Whether defendant engaged in a practice of suggesting that debts too old to appear on a credit report would be so reported; and

        b.     Whether such practices violate the FDCPA.

70.     Plaintiff Magee's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

71.     Plaintiff Magee will fairly and adequately represent the class members. Plaintiff Magee has retained counsel experienced in class actions and FDCPA litigation.

72.     A class action is superior for the fair and efficient adjudication of this matter, in that:

        a.     Individual actions are not economically feasible.

        b.     Members of the class are likely to be unaware of their rights;

        c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

(1)     Statutory damages;

(2)     Actual damages;

(3)      Attorney's fees, litigation expenses and costs of suit;

(4)      Such other and further relief as the Court deems proper.


<u>s/Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

**<u>NOTICE OF ASSIGNMENT</u>**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

<u>s/Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel A. Edelman, hereby certify that on August 23, 2012, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and notification of such filing was sent to the following parties:

David M. Schultz
dschultz@hinshawlaw.com

Jennifer W. Weller
jweller@hinshawlaw.com

<div align="center" style="margin-left:40%">
s/Daniel A. Edelman
Daniel A. Edelman
</div>

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

# EXHIBIT A

# PORTFOLIO RECOVERY ASSOCIATES, LLC

P.O. Box 12914  Norfolk, VA. 23541
PHONE 800-772-1413

10/3/2011

NACOLA MAGEE


Re:    Account/Reference Number: 1763
CAPITAL ONE BANK, N.A./CAPITAL ONE BANK, N.A/CAPITAL ONE BANK (USA) NA
Balance: $2,591.44

Dear NACOLA MAGEE:

Your account was purchased on 7/28/2011 from CAPITAL ONE BANK, N.A.  This letter confirms your arrangement to make the following payment(s) to settle this account.

Payment in the amount of $250.00 is due by 10/5/2011.
Payment in the amount of $198.93 is due by 10/29/2011.
Payment in the amount of $198.93 is due by 11/29/2011.

Should you miss any of the payments described herein, this payment plan may become null and void.

If you complete this payment plan and our company is reporting our company's trade line for this account to the three major credit reporting agencies, our company will report this account as settled.

If you have questions, please call our office "toll free" at 800-772-1413. Our hours of operation are 7:30 AM – 11 PM Monday through Friday, 8 AM – 5 PM Saturday, and  2 PM – 9 PM Sunday.

Sincerely,
Pamela M Calhoun
Portfolio Recovery Associates Representative

Loretta D Crawford
Portfolio Representative

We are not obligated to renew this offer.

| Original Account Number: 1763 | | Last Payment Date: | 6/9/2003 |
|---|---|---|---|
| Balance at Purchase | $2,591.44 | Current Balance: | $2,591.4 |
| Breakdown (if available): | | Breakdown of Current Balance: | |
| | | Remainder of Purchase Principal and Interest (includes payments, if applicable) | |
| Principal | $1,017.87 | | $2,591.4 |
| Interest | $1,573.57 | Interest assessed by PRA | $0.0 |
| Other Charges | $0.00 | Total Collection Costs, Attorney Fees, and Other Charges | $0.0 |

**This letter is from a debt collector and is an attempt to collect a debt.**
**Any information obtained will be used for that purpose.**

**NOTICE: SEE ADDITIONAL PAGE(S) FOR IMPORTANT INFORMATION**

CAPL84

**MAKE ALL CHECKS PAYABLE TO:** Portfolio Recovery Associates, LLC

**SEND ALL PAYMENTS TO:** Portfolio Recovery Associates, LLC, P.O. Box 12914, Norfolk, VA 23541

**COMPANY ADDRESS:** Portfolio Recovery Associates, LLC 120 Corporate Boulevard, Norfolk, VA 23502

**DISPUTES CORRESPONDENCE ADDRESS:** PRA Disputes Dept., 140 Corporate Boulevard, Norfolk, VA 23502
**DISPUTES DEPT. E-MAIL ADDRESS:** PRA_Disputes@portfoliorecovery.com

**DEBIT CARD TRANSACTION FEES:** Third party vendors may charge a transaction fee for processing payments made by debit card; however, PRA does not charge or accept any fees. Please discuss this option with our staff if you have an questions.

**QUALITY SERVICE SPECIALISTS AVAILABLE Mon. – Fri. 8 AM to 5 PM (EST)**
Not happy with the way you were treated? Our company strives to provide professional and courteous service to all our customers. Contact one of our staff to discuss issues related to our quality of service to you by phone at (866) 925-710 or by e-mail at qualityservice@portfoliorecovery.com.

**PRIVACY NOTICE:** We collect certain personal information about you from the following sources: (a) information we receive from you; (b) information about your transactions with our affiliates, others, or us; (c) information we receive from consumer reporting agencies. We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic information about you to those employees and entities that need to know that information in order to collect your account. We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

**NOTICE:** We are required under state law to notify consumers of the following rights. This list does not include a complete list of rights consumers have under state and federal laws:

**CALIFORNIA:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Nonprofit credit counseling services may be available in the area.

**COLORADO:** Office located at 4600 South Syracuse Street, Suite 938, Denver, CO 80237. Telephone (866) 508-4751 FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**MAINE:** Telephone number at licensed location is (800)772-1413. Hours of operation at licensed location are 7:30 AM - 11 PM Monday through Friday, 8 AM – 5 PM Saturday, and 2 PM – 9 PM Sunday (EST).

**MASSACHUSETTS:** Office located at 49 Winter St., Weymouth, MA 02188. Telephone (800)772-1413. Hours of operation are 9 AM to 6 PM Monday through Thursday (EST). NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

**NEW YORK CITY:** City of New York License Number 1096994.

**NORTH CAROLINA:** Collection Agency Permit No. 4132.

**TENNESSEE:** This collection agency is licensed by the Tennessee Collection Service Board of the Department of Commerce and Insurance. (#00000770)

BI-1209

# EXHIBIT B

 **Portfolio Recovery Associates, LLC**
We're giving debt collection a good name.

CAPITAL ONE BANK N.A.
CAPITAL ONE BANK N.A.
CAPITAL ONE BANK (USA) NA
Account/Reference No.: ▓▓▓▓▓66581
*Balance: $3,157.79

August 22, 2011

## Affordable Options To Resolve This Account

Sometimes difficult situations arise that can cause financial hardship. We want to help you resolve your account, and have developed three affordable options for you to pay off this account.

| Single Payment *Settlement Option* | 6 Month *Settlement Plan* | Balance in Full *Payment Plan* |
|---|---|---|
| • Take $1,577.79 off the balance<br>• Pay $1,580.00 no later than 10/17/2011<br><br>*Your account will be considered "Settled in Full" after we post your final payment. | • Take $1,417.79 off the balance<br>• Pay over 6 equal monthly installments of $290.00<br>• First Payment due no later than 10/17/2011<br><br>*Your account will be considered "Settled in Full" after we post your final payment. | • Pay as little as $95.00 per month<br>• First Payment due no later than 10/17/2011<br><br>*Your account will be considered "Paid in Full" once the account reaches a zero balance. |

**Get started and take advantage of one of these options to move you closer to debt reduction and less financial worry!**

Portfolio Recovery Associates purchased the account referenced above on 07/28/2011.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

 We are ready to help you resolve this debt!
Just call:
**1-800-772-1413**
before 10/17/2011
to discuss the
**AFFORDABLE PAYMENT OPTIONS**
that are available to you.
7:30 AM to 11 PM Mon.-Fri.
8 AM to 5 PM Sat. ■ 2 PM to 9 PM Sun.

 **Mail all checks and payments to:**
PORTFOLIO RECOVERY ASSOCIATES, LLC
P.O. Box 12914
Norfolk VA 23541

 Make your Payment Online!
**www.portfoliorecovery.com**

*We are not obligated to renew this offer.*

**Company Address:** Portfolio Recovery Associates, LLC, 120 Corporate Blvd., Norfolk, VA 23502
**Disputes Correspondence Address:** 140 Corporate Blvd., Norfolk, VA 23502 or E-mail:
PRA_Disputes@portfoliorecovery.com
**Debit Card Transaction Fees:** Third party vendors may charge a transaction fee for processing payments made by debit card; however, PRA does not charge or accept any fees. Please discuss this option with our staff if you have any questions.

**QUALITY SERVICE SPECIALISTS AVAILABLE Mon. – Fri. 8 AM TO 5 PM (EST)**
Not happy with the way you were treated? Our company strives to provide professional and courteous service to all our customers. Contact one of our staff to discuss issues related to our quality of service to you by phone at (866) 925-7109 or by e-mail at qualityservice@portfoliorecovery.com.

**PRIVACY NOTICE**
We collect certain personal information about you from the following sources: (a) information we receive from you; (b) information about your transactions with our affiliates, others or us; (c) information we receive from consumer reporting agencies. We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic information about you to those employees and entities that need to know that information in order to collect your account. We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

**NOTICE:** If this account is eligible to be reported to the credit reporting agencies by our company, we are required by law to notify you that a negative credit report reflecting on your credit records may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

<div align="center">

### This letter is from a debt collector and is an attempt to collect a debt.
### Any information obtained will be used for that purpose.

</div>

402CDPRAS01_0010



# EXHIBIT C

 **Portfolio Recovery Associates, LLC**
_We're giving debt collection a good name._

CAPITAL ONE BANK N.A.
CAPITAL ONE BANK N.A.
CAPITAL ONE BANK (USA) NA
Account/Reference No.: ████████1616
*Balance: $4,030.20

**August 29, 2011**

## Affordable Options To Resolve This Account

Sometimes difficult situations arise that can cause financial hardship. We want to help you resolve your account and have developed three affordable options for you to pay off this account.

| Single Payment | 6 Month | Balance in Full |
|---|---|---|
| _Settlement Option_ | _Settlement Plan_ | _Payment Plan_ |
| • Take $2,415.20 off the balance | • Take $2,200.20 off the balance | • Pay as little as $120.00 per month |
| • Pay $1,615.00 no later than 10/17/2011 | • Pay over 6 equal monthly installments of $305.00 | • First Payment due no later than 10/17/2011 |
| | • First Payment due no later than 10/17/2011 | |
| *Your account will be considered "Settled in Full" after we post your final payment. | *Your account will be considered "Settled in Full" after we post your final payment. | *Your account will be considered "Paid in Full" once the account reaches a zero balance. |

Get started and take advantage of one of these options to move you closer to debt reduction and less financial worry!

Portfolio Recovery Associates purchased the account referenced above on 07/28/2011.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

 We are ready to help you resolve this debt!
Just call:
**1-800-772-1413**
before 10/17/2011
to discuss the
**AFFORDABLE PAYMENT OPTIONS**
that are available to you.
7:30 AM to 11 PM Mon.-Fri.
8 AM to 5 PM Sat. • 2 PM to 9 PM Sun.

**Mail all checks and payments to:**
PORTFOLIO RECOVERY ASSOCIATES, LLC
P.O. Box 12914
Norfolk VA 23541

 **Make your Payment Online!**
**www.portfoliorecovery.com**

*We are not obligated to renew this offer.

**Company Address:** Portfolio Recovery Associates, LLC, 120 Corporate Blvd., Norfolk, VA 23502
**Disputes Correspondence Address:** 140 Corporate Blvd., Norfolk, VA 23502 or E-mail:
PRA_Disputes@portfoliorecovery.com
**Debit Card Transaction Fees:** Third party vendors may charge a transaction fee for processing payments made by debit card; however, PRA does not charge or accept any fees. Please discuss this option with our staff if you have any questions.

**QUALITY SERVICE SPECIALISTS AVAILABLE Mon. – Fri. 8 AM TO 5 PM (EST)**

Not happy with the way you were treated? Our company strives to provide professional and courteous service to all our customers. Contact one of our staff to discuss issues related to our quality of service to you by phone at (866) 925-7109 or by e-mail at qualityservice@portfoliorecovery.com.

**PRIVACY NOTICE**

We collect certain personal information about you from the following sources: (a) information we receive from you; (b) information about your transactions with our affiliates, others or us; (c) information we receive from consumer reporting agencies. We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic information about you to those employees and entities that need to know that information in order to collect your account. We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

**NOTICE:** If this account is eligible to be reported to the credit reporting agencies by our company, we are required by law to notify you that a negative credit report reflecting on your credit records may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

**This letter is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**

402CDPRAS01_001O

