UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINIOS
EASTERN DIVISION

NACOLA MAGEE and )
JAMES PETERSON, individually and on )
behalf of all others similarly situated, )
 )
      Plaintiffs, )
 ) Case No. 12 C 1624
   v. )
 ) Judge John W. Darrah
PORTFOLIO RECOVERY )
ASSOCIATES, LLC, )
 )
      Defendant. )

## MEMORANDUM OPINION AND ORDER

On August 15, 2012, this Court granted Defendant Portfolio Recovery Associates LLC's ("PRA") Motion to Dismiss Plaintiffs Nacola Magee and James Peterson's class-action Complaint, with leave to file an amended complaint. *See Magee v. Portfolio Recovery Ass'ns, LLC*, 12 C 1624, 2012 WL 3560996, at *3 (N.D. Ill. Aug.15, 2012) (*Magee I*). On August 23, 2012, Plaintiffs filed a class-action Amended Complaint against PRA, arising out of the debt collection practices of PRA. Plaintiffs allege, individually and on behalf of all others similarly situated, that PRA violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*, when it sent Plaintiffs debt-collection letters. Plaintiffs seek statutory damages from PRA pursuant to the FDCPA. PRA filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

1

## BACKGROUND

For the purpose of resolving the Motion to Dismiss, Plaintiffs' Amended Complaint is construed in a light most favorable to Plaintiffs; well-pleaded facts are accepted as true, and inferences are drawn in Plaintiffs' favor. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). This Court has federal jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiffs' claims arise under the FDCPA. PRA is a business that engages in the purchasing of defaulted debts originally owed to others and incurred for personal, family, or household purposes. (Am. Compl. ¶ 8.) On October 3, 2011, PRA sent Magee, a resident of Illinois, a letter, attempting to collect on a debt originally owed by Magee to Capital One Bank. (*Id.* ¶¶ 14-19 & Ex. A.) The letter stated:

> Your account was purchased on 7/8/2011 from Capital One Bank, N.A. This letter confirms your arrangement to make the following payment(s) to settle this account.
>
> Payment in the amount of $250.00 is due by 10/5/2011.
> Payment in the amount of $193.93 is due by 10/29/2011.
> Payment in the amount of $198.93 is due by 11/29/2011.
>
> Should you miss any of the payments described herein, this payment plan may become null and void.
>
> If you complete this payment plan and our company is reporting our company's trade line for this account to the three major credit reporting agencies, our company will report this account as settled.

(Ex. A.) Plaintiffs allege that if the debit is owed at all, it was incurred prior to 2004. (*Id.* ¶ 19.)

On August 22, 2011, and August 29, 2011, PRA sent Peterson collection letters, attempting to collect on two separate debts owed by Peterson to Capital One Bank. (*Id.* ¶¶ 20-34 & Exs. B, C.) Peterson alleges that these debts were incurred prior to 2005, if they were incurred at all. (*Id.* ¶¶ 28, 34.) Both letters state that "[PRA] purchased the account referenced above on 07/28/2011." (*Id.* ¶¶ 27, 33.) The letters further refer to a "Single Payment Settlement Option,"

2

"6 Month Settlement Plan," and further state that "Your account will be considered 'Settled in Full' after we post your final payment." (Exs. B, C.) The letters also refer to a "Balance in Full Payment Plan" and further state, "Your account will be considered 'Paid in Full' once the account reaches a zero balance." (*Id.*)

In Count I, Plaintiffs allege that PRA violated Sections 1692e and 1692f of the FDCPA by "sending consumers collection letters that contain settlement offers on time-barred debts without disclosure of the fact that the debt is time barred." (*Id.* ¶ 45.) Plaintiffs further allege that the "nondisclosure in conjunction with the offers of a 'settlement' in Exhibit A-C implies a colorable obligation to pay and is misleading to the consumer." (*Id.* ¶ 47.)

In Count II, Magee alleges that PRA violated Sections 1692e and 1692f of the FDCPA "by referring to credit reporting on debts so old that they cannot be reported on an ordinary credit report." (*Id.* ¶ 63.)

Plaintiffs also seek class certification pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). (*Id.* ¶ 34.) They seek a class consisting of all individuals in Illinois, Wisconsin, and Indiana to whom PRA sent debt-collection letters, seeking to collect on a time-barred debt. (*Id.*)

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the

complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (*Twombly*). For a claim to have plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

## ANALYSIS

### *Count I*

Plaintiffs contend PRA engaged in unfair and deceptive acts and practices in violation of Sections 1692e, 1692e(5), 1692e(10), and 1692f of the FDCPA by failing to disclose to the Plaintiffs that the statute of limitations had expired and that the debt could not be collected through a court action. Plaintiffs further allege that this non-disclosure was confounded by PRA's offers in the collection letters to "settle" the debt. (*Id.* ¶ 30.)

Section 1692g(a) of the FDCPA requires the debt collector to disclose the following information to the consumer in the initial communication or five days after the first written communication:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any

4

portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*  \*  \*

(2) The false representation of –

(A) the character, amount, or legal status of any debt; . . .

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

\*  \*  \*

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e. Section 1692f states, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

When evaluating a motion to dismiss a claim under the FDCPA that a debt-collection letter was deceptive or misleading, the court views the letter through the perspective of an "unsophisticated debtor." *Lox v. CDA, Ltd.*, 689 F.3d 818, 821-822 (7th Cir. 2012) (*Lox*). "[A] statement made by a debt collector that is technically false but in no way misleading does not run

5

afoul of § 1692e." *Id* (citing *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643, 645-46 (7th Cir. 2009). "The unsophisticated consumer may be 'uninformed, naive, [and] trusting,' but is not a dimwit, has 'rudimentary knowledge about the financial world,' and is 'capable of making basic logical deductions and inferences.'" *Lox*, 689 F.3d at 822.

Importantly, courts in this district have held that an attempt to collect a time-barred debt without disclosing to the debtor that the statute of limitations in which the debt collector could file a lawsuit to collect the debt has expired does not violate the FDCPA unless the collection attempt is accompanied by a threat of litigation. *See Magee I*, 2012 WL 3560996, at *3; *McMahon v. LVNV Funding, LLC*, No. 12 C 1410, 2012 WL 2597933, at *2 (N.D. Ill. July 5, 2012), *motion to reconsider denied*, 2012 WL 3307011 (N.D. Ill. Aug.13, 2012) (*McMahon I*); *Murray v. CCB Credit Servs., Inc.*, No. 04 C 7456, 2004 WL 2943656, at *2 (N.D. Ill. Dec. 15, 2004); *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, 616 (N.D. Ill. 2001). The underlying reasoning is that under both Illinois and Indiana law, the statute of limitations is procedural and does not alter substantive rights. *Magee I*, 2012 WL 3560996, at *3 (internal citation omitted).

With respect to Count I, PRA argues that Plaintiffs merely re-plead the same allegations as those presented in their original Complaint, which this Court dismissed. In *Magee I*, the Court noted that Plaintiffs did not allege that the letters contained any threat of implied or actual litigation or that any language in the letters was *confusing*. *Id*. Plaintiffs argue that they "now allege in Count I of the [A]mended [C]omplaint that the letters were confusing and misleading because they indicate that the debts were legally enforceable." (Resp. at 1.)

"[T]he question of whether an unsophisticated consumer would find certain debt collection language misleading is a question of fact." *Lox*, 689 F.3d at 822. "Because confusion is a fact-

6

based question, dismissal is typically not available under 12(b)(6), which is appropriate only when there is no set of facts consistent with the pleadings under which the plaintiff could obtain relief." *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006) (*McMillan*).

In its response brief, Plaintiffs argue that two categories of statements in the debt-collection letters are misleading: (1) statements regarding "settlement" and (2) statements regarding the date of acquisition of the debt. As to the first category, Magee's letter states: "If you complete this payment plan and our company is reporting our company's trade line for this account to the three major credit reporting agencies, our company will report this account as settled." Patterson's letters contain language, stating, "Your account will be considered 'Settled in Full' after we post your final payment.'" As to the second category, Magee's and Patterson's letters state, "Your account was purchased on 7/28/2011 from Capital One Bank, N.A." (Am. Compl. ¶¶ 18, 27, 33.)[1]

With regards to the first statement, the Court stated in its previous ruling that a debt collector may use the term "settle" or "settlement" in a debt-collection letter." *Magee I*, 2012 WL 4397, at *4 (citing *Evory v. RJM Acquisitions Funding, LLC*, 505 F.3d 769, 775-76 (7th Cir. 2007). However, because Plaintiffs have now added allegations to their Amended Complaint that this statement is *confusing*, the Court must "tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are

---

[1] Count I of Plaintiffs' Amended Complaint is titled "Misleading *Settlement Offers* on Time-Barred Debts." (Am. Compl. at 6 (emphasis added).) A close review of Plaintiffs' Amended Complaint demonstrates that Count I only contains allegations that the first statement discussed above (regarding settlement of the debt) is misleading. However, the Amended Complaint, read as a whole, does allege that the second statement discussed above (regarding the date of acquisition of the debt) is also misleading. (*See* Am. Compl. ¶¶ 18, 27, 33, 44.)

7

not good proxies for the unsophisticated consumer whose interest the [FDCPA] protects." *McMillan*, 455 F.3d at 759.

The court in *McMahon v. LVNV Funding, LLC*, No. 12-cv-1410, 2012 WL 3307011, at *1 (N.D. Ill. Aug. 13, 2012) (*McMahon II*), the debt collector sent McMahon a letter, offering to "'settle [his] account in full' for 40% of the balance." *Id.* In *McMahon II*, the plaintiff argued that it was "misleading for a debt collector to send a dunning letter offering a 'settlement' that represents a 'savings . . . off your balance' on a time-barred debt" and that the offer of a "settlement" implied that plaintiff had a "legally enforceable obligation to pay the debt." *Id.* The plaintiff sought leave to amend his complaint based on this theory. The court held:

> Whether a settlement offer in a dunning letter is deceptive is a fact-intensive question that is generally not resolvable at the pleadings stage of a lawsuit. In this case, an unsophisticated consumer may be deceived into believing that the offer of a 'settlement' implies that there is a legally enforceable obligation to pay the debt. The lack of any case law to the contrary, coupled with the Seventh Circuit's reticence to resolve questions concerning the confusing nature of a dunning letter at the pleadings stage, plausibly suggests that the offer of settlement on a time-barred debt may violate the FDCPA.

*Id.*

But the court in *Crawford v. Vision Fin. Corp.*, 12-cv-4397, 2012 WL 5383280, at *3 (Nov. 1, 2010) (*Crawford*), ruling on a motion to dismiss, held that "an unsophisticated debtor would likely interpret the term 'settle' in a debt-collection letter to mean only the 'settlement' of a debt, not the settlement of a lawsuit." *Id.* In *Crawford*, the debt collector sent plaintiff a letter, stating that, "Once credit card or check payment by phone is taken, processed and applied to the account, the account will be considered settled in full." *Id.* at *1.

Here, the reasoning of *McMahon I* is persuasive. Plaintiffs allege that the language regarding settlement in the letters at issue are misleading and confusing as to whether there is a

legally enforceable obligation to pay the debt. But whether this is the case is a fact-intensive question that is not properly resolved at the pleading stage. *See McMillan*, 455 F.3d at 759 ("[D]istrict judges are not good proxies for the unsophisticated consumer whose interest the [FDCPA] protects.").

The court in *McMahon I* also addressed the second category of statements at issue here, which state, "Your account was purchased on 7/28/2011 from Capital One Bank, N.A." The court held:

> Because [the debt collector] disclosed the more recent date upon which it purchased [plaintiff's] account from Nicor Gas while excluding any mention of the date upon which [plaintiff] incurred the debt, it is plausible that an unsophisticated consumer would be misled into believing that the debt was recent. This affirmative statement, coupled with Defendants' omission of the accrual date of the debt, plausibly suggests that McMahon is entitled to relief under the FDCPA.

*McMahon I*, 2012 WL 2597933, at *4. The reasoning of the *McMahon* court is also persuasive here. Plaintiffs' allegations plausibly suggest that Plaintiffs may be entitled to relief under the FDCPA. *Twombly*, 550 U.S. at 547 (holding that a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss).

For the reasons set forth above, PRA's Motion to Dismiss Count I of Plaintiffs' Amended Complaint is denied.

*Count II*

In Count II, Magee alleges that PRA violated Sections 1692e and 1692f of the FDCPA "by referring to credit reporting on debts so old that they cannot be reported on an ordinary credit report." (*Id.* ¶ 63.) Magee's letter states, "If you complete this payment plan and our

9

company is reporting our company's trade line for this account to the three major credit reporting agencies, our company will report this account as settled."[2]

In *Lox*, the Seventh Circuit cited the Ninth Circuit's decision in *Gonzalez v. Arrow Fin. Servs., LLC*, 660 F.3d 1055 (9th Cir. 2011) (*Gonzalez*), holding that the decision "establish[ed] that it is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Id.* In *Gonzalez*, the "debt collector sent a collection letter that stated, "if we are reporting the account, the appropriate credit bureaus will be notified that this account has been settled." *Id.* at 1059. The court held, "As there is no circumstance under which [the debt collector] could legally report an obsolete debt to a credit bureau, the implication that [the debt collector] could make a positive report in the event of payment is misleading." *Id.* at 1063.

Similarly, here, it is plausible that an unsophisticated consumer would be misled into believing that PRA could legally report an expired debt to a credit reporting agency. Therefore, Magee has stated a plausible claim to relief under the FDCPA. For these reasons, PRA's Motion to Dismiss Count II is denied.

## CONCLUSION

For the reasons set forth above, PRA's Motion to Dismiss Plaintiffs' Amended Complaint [44] is denied.

Date: 1-17-13

JOHN W. DARRAH
United States District Court Judge

---

[2] Counts I and II are both premised on this language from Magee's letter. However, in Count I, Plaintiffs base their claim on the "settlement" language, and in Count II, Plaintiffs based their claim on the "credit reporting" language.

10