UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NACOLA MAGEE and | ) | |
| JAMES PETERSON, individually and on | ) | |
| behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 12 C 1624 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Nacola Magee and James Peterson have brought this class action against

Portfolio Recovery Associates, LLC ("PRA") for alleged violations of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* Plaintiffs have moved, pursuant to Federal

Rule of Civil Procedure 23, for class certification. For the reasons stated below, that Motion is

granted.

## BACKGROUND

The following is taken from the Amended Complaint, exhibits, and briefs submitted by

the parties. PRA is a business that engages in the purchasing of defaulted debts originally owed

to others and incurred for personal, family, or household purposes. (Am. Compl. ¶ 8.) On

October 3, 2011, PRA sent Magee, a resident of Illinois, a letter to collect on a debt originally

owed by Magee to Capital One Bank. (*Id.* ¶¶ 14-19 & Ex. A.) The letter stated:

> Your account was purchased on 7/8/2011 from Capital One Bank, N.A. This
> letter confirms your arrangement to make the following payment(s) to settle this
> account.
>
> Payment in the amount of $250.00 is due by 10/5/2011.
> Payment in the amount of $193.93 is due by 10/29/2011.

> Payment in the amount of $198.93 is due by 11/29/2011.
>
> Should you miss any of the payments described herein, this payment plan may become null and void.
>
> If you complete this payment plan and our company is reporting our company's trade line for this account to the three major credit reporting agencies, our company will report this account as settled.

(Am. Compl. Ex. A.) Magee alleges that this debt was incurred prior to 2004, if it was incurred at all. (Am. Compl. ¶ 19.)

On August 22, 2011, and August 29, 2011, PRA sent Peterson, an Indiana resident, letters to collect on two separate debts that were originally owed to Capital One Bank. (*Id.* ¶¶ 20-34 & Exs. B, C.) Peterson alleges that these debts were incurred prior to 2005, if they were incurred at all. (*Id.* ¶¶ 28, 34.) Both letters stated:

> We want to help you resolve your account and have developed three affordable options for you to pay off this account [including] Single Payment Settlement Option [,] 6 Month Settlement Plan [and] Balance in Full Payment Plan.
>
> Your account will be considered "Settled in Full" after we post your final payment.
>
> [PRA] purchased the account referenced above on 07/28/2011.

(Am. Compl. ¶¶ 27, 33 & Exs. B, C.)

Plaintiffs filed this action on March 6, 2012. After this Court granted PRA's Motion to Dismiss, Plaintiffs filed a First Amended Complaint on August 25, 2012.[1] In Count I, Plaintiffs allege that PRA violated the FDCPA by "sending consumers collection letters that contain settlement offers on time-barred debts without disclosure of the fact that the debt is time barred."

---

[1] On January 17, 2013, this Court denied PRA's Motion to Dismiss Plaintiffs' Amended Complaint. On April 30, 2013, on PRA's Motion, the case was stayed; the stay was lifted on March 19, 2014.

(*Id.* ¶ 45.)  Plaintiffs further allege that the "nondisclosure in conjunction with the offers of a 'settlement' in Exhibit A-C implies a colorable obligation to pay and is misleading to the consumer."  (*Id.* ¶ 47.)  In Count II, Magee alleges that PRA violated the FDCPA "by referring to credit reporting on debts so old that they cannot be reported on an ordinary credit report."  (*Id.* ¶ 63.)  Plaintiffs seek actual and statutory damages pursuant to the FDCPA.

## LEGAL STANDARD

A plaintiff seeking class certification must show the proposed class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure.  First, under Rule 23(a), the plaintiff must satisfy the following four prerequisites:  (1) joinder of all potential class members is impracticable ("numerosity"); (2) there are common questions of law or fact ("commonality"); (3) the claims or defenses of the representative parties are typical of the rest of the class ("typicality"); and (4) the class representative adequately and fairly represents the class ("adequacy").  Fed. R. Civ. P. 23(a); *see also Kress v. CCA of Tenn., LLC*, 694 F.3d 890, 892-93 (7th Cir. 2012).  Second, the plaintiff must also satisfy at least one subsection of Rule 23(b).  Rule 23(b)(3), the subsection pursued by Plaintiffs in this case, permits certification of a class where "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and adequately adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).

Rule 23 "does not set forth a mere pleading standard"; rather, the plaintiff "must affirmatively demonstrate his compliance with the Rule [and] be prepared to prove" its requirements.  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).  In deciding whether Rule 23 has been satisfied, the district court undertakes "a rigorous analysis," making the necessary factual and legal inquiries.  *Id.*; *see also Szabo v. Bridgeport Machs., Inc.*, 249 F.3d

672, 676 (7th Cir. 2001). A plaintiff who fulfills both conditions of Rule 23 is entitled to

certification. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398

(2010) (Rule 23 "creates a categorical rule entitling a plaintiff whose suit meets the specified

criteria to pursue his claim as a class action.").

## ANALYSIS

Plaintiffs seek to certify the following two classes:

1) Class I (Count I- Misleading Settlement Offers on Time-Barred Debts): (a) All individuals in Illinois and Indiana (b) to whom PRA (c) sent a letter that referred to a "settlement" seeking to collect a debt (d) which debt was (i) a credit card debt on which the last payment had been made more than five years prior to the letter in Illinois or (ii) a credit card debt on which the last payment had been made more than six years prior to the letter in Indiana and Wisconsin (e) which letter was sent on or after March 6, 2011 (one year prior to the filing of this action) and on or before March 26, 2012 (20 days after the filing of this action).

2) Class II (Count II- Threat of Credit Reporting): (a) All individuals with addresses in Illinois and Indiana (b) with respect to whom defendant Portfolio Recovery Associates, LLC sent or caused to be sent a letter (directly or by an agent or attorney) (c) to collect a credit card debt (d) more than seven years after charge-off based on defendant's records (e) which letter referred to "trade line," "credit report" or "credit reporting agencies" and (f) was sent at any time during a period beginning March 6, 2011 and ending August 26, 2012.

(Dkt. No. 114, Pls.' Mot. for Class Cert. at 1.) Plaintiffs argue that the proposed classes satisfy

the requirements of Rules 23(a) and 23(b)(3).

*Rule 23(a)*

Numerosity and Adequacy of Representation

PRA does not appear to contest two of the four threshold requirements of Rule

23(a) – numerosity and adequacy of representation – have been met. Plaintiffs point to PRA's

admissions that there are approximately 270,000 individuals in Class I (individuals who received

misleading settlement offers on time-barred debts) and 159,640 in Class II (individuals who

received a threat of credit reporting). Plaintiffs state that all of the individuals are entitled to statutory damages and that there are approximately 7,717 individuals entitled to actual damages. Plaintiffs have also demonstrated that their attorneys are qualified, experienced and able to conduct the litigation and that there is no conflict between the named plaintiffs and the interests of the class. *See Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).

Commonality

Commonality requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This means that the plaintiff must "demonstrate that the class members 'have suffered the same injury.'" *Wal-Mart Stores*, 131 S.Ct. at 2551 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). Commonality is usually satisfied by "[a] common nucleus of operative fact." *Rosario*, 963 F.2d at 1018.

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Here, Plaintiffs contend that the common question is whether the collection letters sent by PRA to members of the proposed classes violate the FDCPA, either because those letters include misleading settlement offers on time-barred debts and/or threaten credit reporting on old debts. PRA counters that whether the class members were actually deceived by the collection letters is an individualized inquiry and that class certification would not provide a common answer to that question.

Courts have held that sending allegedly illegal form letters to members of a proposed class satisfies commonality. *See, e.g., Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) ("Common nuclei of fact are typically manifest where, like in the case *sub judice*, the defendants have engaged in standardized conduct towards members of the proposed class by mailing to

5

them allegedly illegal form letters or documents."); *Jackson v. Nat'l Action Fin. Servs., Inc.*, 227 F.R.D. 284, 287 (N.D. Ill. 2005) ("Courts have consistently found there to be a common nucleus of operative fact where a class's claims arise out of standardized or form documents.") (collecting cases); *Moore v. Stellar Recovery, Inc.*, No. 13 C 2294, 2014 WL 3509729, at *2 (N.D. Ill. July 14, 2014) ("Such conduct – sending letters or documents to members of the proposed class – provides a common nucleus of operative fact.").   Furthermore, whether a dunning letter would deceive an unsophisticated consumer, in violation of § 1693(e), is an objective test.  *See Lox v. CDA, Ltd.*, 689 F.3d 818, 826 (7th Cir. 2012).  Here, there are common questions of law and fact as to whether PRA's letters at issue violated the FDCPA. Commonality has been satisfied in this case.

Typicality

The third requirement, typicality, necessitates that "the named representatives' claims have the same essential characteristics as the claims of the class at large."  *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009) (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)).  "[T]here must be enough congruence between the named representative's claim and that of the unnamed members of the class to justify allowing the named party to litigate on behalf of the group."  *Spano v. Boeing Co.*, 633 F.3d 574, 586 (7th Cir. 2011).

PRA argues that the Plaintiffs' claims are not typical of the class for purposes of statutory damages because each class member received a different number of communications from PRA.[2] PRA also argues that Plaintiffs' claims are not typical for actual damages claims because Plaintiffs did not make any payments to PRA. However, typicality does not require identical claims; "factual variations among class members' grievances do not defeat a class action." *Keele*, 149 F.3d at 594. Rather, "'a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *Id.* at 595 (quoting *De La Fuente*, 713 F.2d at 232).

In *Keele*, the Seventh Circuit held that typicality was satisfied where the named plaintiff received debt collection letters seeking a collection fee. The court noted that, by sending the collection letters, the Defendants engaged in "the same course of conduct" towards the plaintiff and the members of the proposed classes. 149 F.3d at 595. The court further noted that the fact that the named plaintiff did not pay the collection fee was "largely irrelevant." *Id.* at 594.

As in *Keele*, PRA engaged in the "same course of conduct" towards Plaintiffs and the proposed class members by sending them the collection letters at issue. Typicality is satisfied, and Plaintiffs have met their burden with respect to Rule 23(a).

---

[2] As Plaintiffs note in their reply brief, the fact that PRA sent Appendices A and B and made collection calls repeatedly over time, without explaining the misrepresentations in its letters, simply magnifies those misrepresentations. The fact that Plaintiffs were sent misleading letters only once does not diminish Plaintiffs' claims that those letters violate the FDCPA. Furthermore, there has been no evidence produced in discovery that PRA collectors told debtors that PRA could not report a debt to the credit bureaus after seven years. Likewise, there has been no evidence produced in discovery that shows that PRA informed any debtor that the debt was beyond the statute of limitations and no longer legally enforceable.

*Rule 23(b)(3) – Predominance and Superiority*

Plaintiffs have moved to certify their classes under Rule 23(b)(3), which requires that the common questions of law or fact predominate over those questions affecting only individual members . Predominance "tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). It "is far more demanding" than the commonality requirement. *Id.*at 623-24. A plaintiff must show that the issues common to the class outweigh any individual issues. *Parko v. Shell Oil Co.*, 739 F.3d 1083, 1085 (7th Cir. 2014).

The claims at issue concern whether the collection letters sent to the proposed class members violate the FDCPA. To prove a violation of 15 U.S.C. § 1692(e), the plaintiff must show that the debt collector's statement was misleading or deceptive to an unsophisticated consumer. *Ruth v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009). As addressed above, PRA argues that there are individual questions because, in addition to the letters at issue, class members received other, various communications from PRA. PRA also argues that, for purposes of actual damages, there must be individualized inquiries as to whether each class member was deceived by the letters at issue.

However, these individual issues do not predominate over the common questions of whether the collection letters would mislead or deceive an unsophisticated consumer. Rather, "each alleged violation of the FDCPA concerns the same alleged misidentification," and "there is likely to be common evidence" whether those letters were misleading. *Moore*, 2014 WL 3509729, at *3 (holding that Rule 23(b)(3) was satisfied where defendant sent allegedly misleading debt collection letters). Furthermore, "the fact that damages are not identical across all class members should not preclude class certification." *Butler v. Sears, Roebuck & Co.*, 727

8

F.3d 796, 801 (7th Cir. 2013). Plaintiffs have demonstrated that these common questions predominate so as to satisfy Rule 23(b)(3).

Lastly, a class action is a superior method of adjudicating these claims because it permits the legality of these letters to be determined in one proceeding. It also provides a method to aggregate the claims of the proposed class members, which will "allow the individual class members to avoid the costs and hassles of bringing an individual action against a defendant." *Wilborn v. Dun & Bradstreet Corp.*, 180 F.R.D. 347, 358 (N.D. Ill. 1998).

PRA argues that any statutory damages awarded to the individual class members will be *de minimus* because there are so many potential class members. However, "*de minimus* recovery (in monetary terms) should not automatically bar a class action." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1995). As the Seventh Circuit has explained:

> The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.

*Id.* Plaintiffs also are seeking actual damages for the class, which may increase the amount of damages awarded. A class action is a superior method of adjudicating these claims. Plaintiffs have carried their burden with respect to Rule 23.

**CONCLUSION**

For the reasons stated above, Plaintiffs' Renewed Motion for Class Certification [114] is granted.

Date:     February 5, 2015                 _____
                                          JOHN W. DARRAH
                                       United States District Court Judge