IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NACOLA MAGEE, and JAMES PETERSON, on behalf of plaintiffs and the classes defined below, | ) ) ) ) | |
| Plaintiffs, | ) ) | 12-cv-1624 |
| vs. | ) ) | Judge John W. Darrah |
| PORTFOLIO RECOVERY ASSOCIATES. LLC | ) ) | Magistrate Judge Martin |
| Defendant. | ) | |

## PLAINTIFFS' MOTION TO MODIFY THE CLASS DEFINITION

Plaintiffs request that this Court modify the class definitions of the classes it has certified[1] in this matter to those who actually paid in response to the collection letters, those who have not received a subsequent letter from the defendant Portfolio Recovery Associates, LLC ("PRA")

---

[1] On February 5, 2015, this Court certified two classes in this Fair Debt Collection Practices Act ("FDCPA") case, which asserts that PRA violated the Act by sending letters demanding payment of time-barred debt without disclosing that the debt was time-barred and threatening credit reporting after a time that a debt can no longer be reported:

**Class 1** (**Count I- Misleading Settlement Offers on Time Barred Debts**): (a) All individuals in Illinois and Indiana (b) to whom PRA (c) sent a letter that referred to a "settlement" seeking to collect a debt (d) which debt was (i) a credit card debt on which the last payment had been made more than five years prior to the letter in Illinois or (ii) a credit card debt on which the last payment had been made more than six years prior to the letter in Indiana and Wisconsin (e) which letter was sent on or after March 6, 2011 (one year prior to the filing of this action) and on or before March 26, 2012 (20 days after the filing of this action).

**Class 2** (**Count II- Threat of Credit Reporting**): (a) All individuals with addresses in Illinois and Indiana (b) with respect to whom defendant Portfolio Recovery Associates, LLC sent or caused to be sent a letter (directly or by an agent or attorney) (c) to collect a credit card debt (d) more than seven years after chargeoff based on defendant's records (e) which letter referred to "trade line," "credit report" or "credit reporting agencies" and (f) was sent at any time during a period beginning March 6, 2011 and ending August 26, 2012.

informing them that the debt is time-barred or no longer can be reported on their credit report or those who have filed a lawsuit.

Specifically, Plaintiffs propose that the classes be limited to the following definitions:

Count I (Time-Barred Debts Class): (a) All individuals in Illinois and Indiana (b) to whom PRA (c) sent a letter that referred to a "settlement" seeking to collect a debt (d) which debt was (i) a credit card on which the last payment had been made more than five years prior to the letter in Illinois or (ii) a credit card debt on which the last payment had been made more than six years prior to the letter in Indiana (e) which letter was sent on or after March 6, 2011 (one year prio to the filing of this action) and on or before March 26, 2012 (20 days after the filing of this action), but (f) excluding all individuals who (i) neither made a payment after receipt of that letter nor sued and (ii) later received a correspondence from PRA informing them that the debt was beyond the statute of limitations.

Count II (Credit Reporting Class): (a) All individuals in Illinois and Indiana (b) with respect to whom PRA sent or caused to be sent a letter (directly or by an agent or attorney) (c) to collect a credit card debt (d) more than seven years after charge-off based on defendant's records (e) which letter referred to "trade line," "credit report" or "credit reporting agencies" (f) was sent at any time during a period beginning March 6, 2011 and ending August 26, 2012, but (f) excluding all individuals who (i) neither made a payment after receipt of that letter nor sued and (ii) later received a correspondence from PRA informing them that the debt would no longer be reported to the credit reporting agencies or bureaus.

In support of their motion, plaintiffs state:

1. By separate motion, plaintiffs have sought to require notice to be sent to the class

and requiring PRA to bear the cost of class notice based on the rulings against PRA on liability in *Pantoja v. Portfolio Recovery Associates, LLC*, No. 13 C 7667, 2015 WL 848568, (N.D. Ill. Jan. 14, 2015) and *Slick v. Portfolio Recovery Associates, LLC*, 2014 WL 4100416 (N.D. Ill.). (Dkt No. 201)  The present motion does not alter the relief sought by Plaintiffs in that motion. Defendant should still be required to pay the cost of notice to the class because there has been a strong, if not conclusive, showing of likelihood of success on the merits.

  2. The two classes that this Court has certified contains upwards of 400,000 people. Of those, 7,717 have paid $7,872,491 million in response to PRA's letters demanding payment after both the statute of limitations and credit reporting periods had expired.  The other 393,000 will recover only a share of the maximum statutory damages ($500,000 for each class). The damage cap of the Act limits PRA's exposure on a class basis to 1% of its net worth, thus limiting the statutory damages pot that the class can share.

  3. In opposition to Plaintiffs' motion for class certification, PRA argued that the class could not be certified because the relief to class members would be *de minimis*.  In their reply, Plaintiffs' argued that notice to the class alone is a substantial relief.[2]  The benefit is that the class member is notified that the debt is past the statute of limitations or credit reporting period, or both.

  4. Counsel has become aware that PRA has revised its collection letters to include

---

[2] In *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997), the Seventh Circuit held that the potential for "*de minimis* recovery (in monetary terms) should not automatically bar a class action." *Mace*, 109 F.3d at 344. The Court explained:

> The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.

language that the debt is beyond the statute of limitations and/or credit reporting period. As such, many of the class members will have already received a collection letter from PRA with this information. Thus, the notice motivation for class certification is no longer important.

     5. The FDCPA allows for individual recoveries of up to $1,000. If the class is not narrowed, class members who have already been informed that their debts are time barred or beyond the credit reporting period, will release the right to that recovery for payment of a very small amount of money. The value of the notice is no longer an added benefit for those class members who have received subsequent collection notices from PRA informing them of the same.

     6. Narrowing the class to those who have actually paid or those who have not yet been informed that their debts are time-barred or not subject to credit reporting and (and those who have filed suit) will increase the amounts paid to each class members for releasing their claims.

     7. This Court has broad discretion to modify a class definition at any time. *See, e.g. Schorsch v. Hewlett–Packard Co.,* 417 F.3d 748, 750 (7th Cir.2005) (noting that "[l]itigants and judges regularly modify class definitions"); *In re Monumental Life Ins. Co.,* 365 F.3d 408, 414 (5th Cir.2004) ("District courts are permitted to limit or modify class definitions to provide the necessary precision."); *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007)( "District courts have broad discretion to modify class definitions, so the district court's multiple amendments merely showed that the court took seriously its obligation to make appropriate adjustments to the class definition as the litigation progressed").

     WHEREFORE, Plaintiffs respectfully request that this Court enter an order narrowing the classes to those who paid money or filed suit in response to PRA's faulty notice or those who

have not yet received a letter advising them that their debt is time barred or beyond the credit reporting period as set forth in the above definitions.

              Respectfully submitted,

              s/ Cassandra P. Miller
              Cassandra P. Miller

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
20 S. Clark St., Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

  I, Cassandra P. Miller, under penalty of perjury, certify that on April 9, 2015 a copy of the attached document was filed by the Court's ECF system and was served upon the parties listed below:

David M. Schultz
dschultz@hinshawlaw.com
Avanti D. Bakane
abakane@hinshawlaw.com
Jennifer Weller
jweller@hinshawlaw.com
Katherine H. Tresley
ktresley@hinshawlaw.com

              s/Cassandra P. Miller
              Cassandra P. Miller