IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NACOLA MAGEE, and JAMES PETERSON, on behalf of plaintiffs and the classes defined below, | ) ) ) ) | |
| Plaintiffs, | ) ) | 12-cv-1624 |
| vs. | ) ) | Judge John W. Darrah |
| PORTFOLIO RECOVERY ASSOCIATES. LLC | ) ) | Magistrate Judge Martin |
| Defendant. | ) ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MODIFY THE CLASS DEFINITION**

As this Court stated on April 15, 2015, Plaintiffs' request to modify and limit the class to those individuals who (1) made payments in response to Defendant's misleading collection letters, (2) have not been otherwise notified by PRA that their debt is time barred and/or beyond the credit reporting period, or (3) those who filed suit against Defendant, is "straightforward and… a matter of common sense." (Exhibit A, Transcript of April 15, 2015 hearing).

I.  **PLAINTIFFS' REQUEST TO MODIFY THE CLASS DEFINITION IS CONSISTENT WITH THEIR OBLIGATIONS TO PROTECT THE INTERESTS OF THE CLASS**

Defendant does not dispute that the proposed modified class definition meets all the requirements of Fed.R.Civ.P. 23(a) and (b), but instead re-argues that the existing certified class definition is deficient because, given the 1% net worth cap set forth in the FDCPA, 15 U.S.C. 1692k, the recovery to the class members will be *de minimis*. (Def. Resp., p. 3) Not only did this Court already reject this argument in certifying the class, but Defendant's objection is nonsensical. (Dkt. No 187, p. 9) Plaintiffs' proposal to modify and limit the class definition is the solution to Defendant's complaint, not the problem.

1

Defendant asserted in opposition to class certification that the class should not be certified because of a potential for *de minimis* recovery by class members. The Court rejected that argument because a *de minimis* recover is not a proper reason to not certify a class. *Mace v. Van Ru Credit Corp*., 109 F.3d 338 (7th Cir. 1997) Class Counsel has now determined a way to narrow the class to avoid any *de minimis* problems for the class members and Defendant now argues that the more narrow class definition is a basis for decertifying the entire class.

Defendant argues that Plaintiffs' request to modify the class definition is inconsistent with earlier positions taken in obtaining class certification. This is also not true. Plaintiffs' argued that a "*de minimis* recovery" is not a valid ground to <u>not certify a class</u>. *Mace v. Van Ru Credit Corp*., 109 F.3d 338 (7th Cir. 1997). It is, however, a consideration in determining what is in the best interest of the class when notice alone is not of particular value to those subject to the statutory cap because Defendant has already notified those class members that the debt is time-barred and/or beyond the credit reporting period. Plaintiffs and Class counsel have a continuing obligation to look out for the best interests of the class members.

Plaintiffs' claim is that the failure to make very important disclosures about the age of the debt and the legal status of the debt, deceives and has a very real and negative consequence for debtors. If a consumer is convinced to make a payment which will have a negative impact on an otherwise unenforceable debt, the debtor should be informed of that fact. There is substantial likelihood that people who paid money to PRA beyond both the SOL and the credit reporting period were deceived. There was no other reason to pay. Likewise, those that filed suit, were likely deceived or confused by the letter which led to seeking legal advice on the impact of the letter. Finally, any person who has not already received notice that the debt is beyond the statute of limitations and/or credit reporting period, will also benefit from the notice and participating in

the class, even if the per person recovery is small. This is because the notice itself is of value to the consumer. This is exactly the same position that Class counsel asserted in support its motion for class certification. The new proposed class definition recognizes that some of the people in the certified class, may have already received notice from Defendant in subsequent communications. By eliminating the individuals who have already received notice that the debt is time-barred and beyond the credit reporting period, Class counsel has focused the class to those who were negatively impacted by Defendant's failure to provide proper notice of the status of the debt, while creating a real value for those that remain in the class.

Plaintiffs are not required to maintain the broadest possible class definition. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997). In *Mace*, the Seventh Circuit specifically held that there was "no authority requiring the participation of the broadest possible class. On the contrary, the class requirements found in the Federal Rules of Civil Procedure encourage rather specific and limited classes. Fed.R.Civ.P. 23." *Id.; D'Alauro v. GC Servs. Ltd. P'ship*, 168 F.R.D. 451, 455 (E.D.N.Y. 1996)(" the plain meaning of the FDCPA does not prohibit the certification of a class in which less than all potential plaintiffs are included.")

The fact that Class counsel did not immediately limit the class definition, is also not as tragic as Defendant would have this Court believe. Under Fed.R.Civ.P. 23 (c)(1)(C), a Court may alter or amend a class definition at any time before final judgment. Furthermore, Courts are granted wide discretion to permit amendment of pleadings, and indeed are encouraged by the Federal Rules to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(3); *Sadler v. Midland Credit Mgmt., Inc*., No. 06 C 5045, 2009 WL 901479, at *3 (N.D. Ill. Mar. 31, 2009).[1]

---

[1] Defendant further complains that Plaintiffs proposed class definition is not the definition plead in the Second Amended Complaint. However, this is not a valid ground to deny modification. Plaintiffs can simply amend the Complaint to mirror the modified class definition. This is frequently done when a class definition is modified or amended.

3

"[A] district court's order denying or granting class status is inherently tentative." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n. 11, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). District courts have the discretion and even the obligation "to reassess their class rulings as the case develops." *McNamara v. Felderhof*, 410 F.3d 277, 281 n. 8 (5th Cir.2005) (citing Fed.R.Civ.P. 23(c)(1)(C) and quoting *Boucher v. Syracuse Univ.*, 164 F.3d 113, 118 (2nd Cir.1999)). The Court's "discretion extends to defining the scope of the class." *Shapiro v. Midwest Rubber Reclaiming Co.*, 626 F.2d 63, 71 (8th Cir.1980); *See General Tel. Co. of SW v. Falcon*, 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) ("Even after a [class] certification order is entered, the judge remains free to modify it in light of subsequent developments in the litigation."). Indeed, "changes in proposed class definitions are commonplace in litigation under Rule 23." *Ammons v. La–Z–Boy* Inc., 2009 WL 3460306 at *5 (D.Utah Oct. 20, 2009).345

A "district court has the authority to modify a class definition at different stages in litigation." *Schorsch v. Hewlett–Packard Co.*, 417 F.3d 748, 750 (7th Cir.2005) (noting that judges and litigants regularly modify class definitions); *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 619 (6th Cir.2007) (courts have broad powers to modify class definitions); 32B Am.Jur.2d Federal Courts § 1601 (2007)")

## II. THE ACTUAL DAMAGE CLASS HAS ALWAYS BEEN A PART OF THE LITIGATION AND DISCOVERY

Defendant further complains that the more limited proposed class was not sought through discovery and that "Plaintiffs may have miscalculated the total number of class members that made payments in the two classes." (Def. Resp., p. 11) This is also untrue.

Plaintiffs specifically sought, and Defendant produced, the amount

of money collected from the two classes after both the statute of limitations and credit reporting period had expired. (Exhibits B-C, Defendant's Supplemental Answers to Plaintiffs' Fifth Set of Interrogatories dated September 3, 2014 and HC Email dated 11/4/14)[2]. The number of class members who paid was calculated and confirmed by defense counsel. (Exhibit B) Defense counsel produced the total number broken down by date including the number of accounts that reflected a payment beyond both the statute of limitations and credit reporting period as well as the total amount of money collected on those accounts. *Id.* The only additional filter which would need to be applied to the already existing search and list, is to identify those individuals that did not subsequently receive a collection letter with the proper statute of limitations and credit reporting disclosures. However, as Defendant admitted in discovery, Defendant uses form letters which are identifiable by code and its computer system is searchable by the type of letter sent to an alleged debtor. The identification of these class members is a matter capable of ministerial determination from defendants' records. Questions readily answerable from defendants' files do not present an obstacle to class certification. *Heastie v. Community Bank*, 125 F.R.D. 669 (N.D.Ill. 1989)

### III. CLASS COUNSEL HAS NOT MADE ANY MISREPRESENTATIONS TO THIS COURT

Defense counsel makes a serious and bold statement that class counsel made "false representations to this Court." (Def. Resp., p. 12). This is entirely untrue and unfounded. As Plaintiffs explained in their motion, Class Counsel became aware *through the discovery in this*

---

[2] Defendant has produced a number of "supplemental" responses to Plaintiffs' discovery requests seeking this information with varying numbers related to the number of class members and the amount collected from the various groups. On November 4, 2014, Lead Counsel for the Defendant responded to Class Counsel's request for clarification as to the number of class members and the amounts collected from them after both the statute of limitations and credit reporting period expired. Lead counsel represented that 9,765 individuals paid a total of $6,379,937. (Exhibit C, HC Email dated 11/4/14). The size and amount are slightly different than Defendant's previous representations, but the difference is minimal in terms of evaluating the appropriateness of a modified class definition.

*case* that PRA is making at least some disclosure to Illinois and Indiana residents that their debt is time-barred.[3] Class counsel did not falsely represent that they "just discovered" new information. The statement made in Plaintiffs' motion is "Counsel has become aware that PRA has revised its collection letters to include language that the debt is beyond the statute of limitations and/or credit reporting period." Nothing in this statement is false or a misrepresentation to the Court. Class counsel has re-evaluated the class and come up with a solution to limit the size of the class to further the interests of the participating class members.

Defendant's accusations related to the *Slick v. Portfolio Recovery Associates, LLC*, N.D.Ill. 12-2562, should also be ignored as Class Counsel does not have an appearance in that case, has never represented Plaintiff Slick and is not participating in that litigation. Class counsel did not draft or participate in the filing of the motion cited by defense counsel. Furthermore, from the few pleadings that Class Counsel has seen from that litigation, it appears that plaintiff Slick is or was a resident of Maryland which has its own particular state law requirements regarding the language to be used in the collection of time-barred debts and those beyond the credit reporting. Any disclosure sent to plaintiff Slick would have no application to Plaintiffs' class which seek to include only residents of Illinois and Indiana.

## IV. DECERTIFICATION IS A DRASTIC STEP UNWARRANTED BY PLAINTIFFS' REQUEST FOR MODIFICATION

PRA argues that it has sent so many letters containing misrepresentations in violation of the the FDCPA that a class cannot be certified since relief to class members would be *de minimis*. The Court has already considered this argument and rejected it. (Dkt No. 187) Nothing has changed

---

[3] While the disclosure being made falls short of that required by the FTC, and Judge Gettlemen recently held in *Pantoja v. Portfolio Recovery Associates, LLC*, No. 13 C 7667, 2015 WL 848568, (N.D. Ill. Jan. 14, 2015), that PRA continues to violate the FDCPA by failing to make the full disclosure required by the FTC, PRA has included *some* disclosure of the time barred nature of the debt in its collection letters.

since the Court's February 5, 2015 order granting class certification. As this Court, and many others, have found, Class Counsel continues to "be competent, experienced, qualified, and generally able to conduct the proposed litigation vigorously." *Gammon v. GC Servs. Ltd. P'ship*, 162 F.R.D. 313, 317 (N.D. Ill. 1995); *Nichols v. Northland Groups, Inc.*, No. 05 C 2701, 2006 WL 897867, at *7 (N.D. Ill. Mar. 31, 2006).

Re-evaluating the scope of the class definition based on the information vigorously sought through discovery, does not cloud counsel's performance and representation in this litigation.

Furthermore, decertification "is a 'drastic step,' not to be taken lightly." H. Newberg & A. Conte, 2 Newberg on Class Actions § 7:37 at 190 (3rd ed. 1992). If possible, modification of the class definition, or use of subclasses, is generally preferred. *Id.* "[I]t is an extreme step to dismiss a suit simply by decertifying a class, where a 'potentially proper class' exists and can easily be created." *In re Urethane Antitrust Litig.*, 2013 WL 2097346 at *2 (D.Kan. May 15, 2013) (quoting Woe v. Cuomo, 729 F.2d 96, 107 (2nd Cir.1984)). "Prior to decertification, the Court must consider all options available to render the case manageable." Chisolm v. TranSouth Fin. Corp., 194 F.R.D. 538, 554 (E.D.Va.2000).

The two classes that this Court previously certified contains upwards of 400,000 people. Of those, between 7,000- 10,000[4] have paid more than $6 million in response to PRA's letters demanding payment after both the statute of limitations and credit reporting periods had expired. The other 390,000 will recover only a share of the maximum statutory damages ($500,000 for each class). The damage cap of the Act limits PRA's exposure on a class basis to 1% of its net worth, thus limiting the statutory damages pot that the class can share.

Narrowing the class to those who have actually paid or those who have not yet been

---

[4] Based upon Defendant's counsel's supplemental email, the current number of class members is 9,765 and the amount collected is $6,379,937.

informed that their debts are time-barred or not subject to credit reporting and (and those who have filed suit) will increase the amounts paid to each class member from any recovery obtained for releasing their claims.

Class Counsel is not "inadequate" because it is seeking to modify the class to a more manageable and valuable class for those that decide to participate. Class Counsel is providing a benefit to the class based on their legal expertise. Class counsel has a duty to protect the interests of the class. By modifying the class definition to a more limited group, Class counsel can ensure that class members who suffered a real harm (i.e. they made a payment, are still unaware that the debt is time-barred and may attempt to make a payment, or were deceived and confused by the letter and then sought legal advice), receive an proportional recovery and value from the litigation

Plaintiffs request to modify and limit the class to those who were or continue to be deceived by Defendant's collection letters is a "straightforward …common sense" solution to any future *de minimis* arguments. (<u>Exhibit A</u>, Transcript)

### V. CONCLUSION

Plaintiffs respectfully request that this Court enter an order narrowing the classes to those who paid money or filed suit in response to PRA's faulty notice or those who have not yet received a letter advising them that their debt is time barred or beyond the credit reporting period as set forth in the above definitions.

                                                Respectfully submitted,

                                                <u>s/ Cassandra P. Miller</u>
                                                Cassandra P. Miller

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS , LATTURNER
      & GOODWIN, LLC
20 S. Clark St., Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

    I, Cassandra P. Miller, under penalty of perjury, certify that on May 20, 2015 a copy of the attached document was filed by the Court's ECF system and was served upon the parties listed below:

David M. Schultz
dschultz@hinshawlaw.com
Avanti D. Bakane
abakane@hinshawlaw.com
Jennifer Weller
jweller@hinshawlaw.com
Katherine H. Tresley
ktresley@hinshawlaw.com

                s/Cassandra P. Miller
                Cassandra P. Miller