UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NACOLA MAGEE and JAMES PETERSON, individually and on behalf of all others similarly situated, </br></br> Plaintiffs, </br></br> v. </br></br> PORTFOLIO RECOVERY ASSOCIATES, LLC, </br></br> Defendant. | Case No. 12-cv-1624 </br></br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Nicola Magee and James Peterson have brought this class action against Portfolio Recovery Associates, LLC ("PRA") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq*. Plaintiffs have filed a motion to modify the class definitions of the classes that were certified on February 5, 2015. Defendant filed a response opposing Plaintiffs' Motion and filed a Motion to Decertify the Classes. For the reasons stated below, Plaintiffs' Motion is granted, and Defendant's Motion is denied.

## BACKGROUND

PRA is a business that engages in the purchasing of defaulted debts originally owed to others and incurred for personal, family, or household purposes. (Am. Compl. ¶ 8.) Plaintiffs allege that PRA violated the FDCPA by sending letters demanding payment of time-barred debt without disclosing that the debt was time-barred and threatening credit reporting after a time that a debt can no longer be reported. (Am Compl. ¶¶ 45, 63.) Plaintiffs seek actual and statutory damages pursuant to the FDCPA. On February 5, 2015, the following two classes were certified in this matter:

**Class 1: (Count I – Misleading Settlement Offers on Time Barred Debts)**: (a) All individuals in Illinois and Indiana (b) to whom PRA (c) sent a letter that referred to a "settlement" seeking to collect a debt (d) which debt was (i) a credit card debt on which the last payment had been made more than five years prior to the letter in Illinois or (ii) a credit card debt in which the last payment had been made more than six years prior to the letter in Indiana and Wisconsin (e) which letter was sent on or after March 6, 2011 (one year prior to the filing of this action) and on or before March 26, 2012 (20 days after the filing of this action).

**Class 2: (Count II – Threat of Credit Reporting)**: (a) All individuals with addresses in Illinois and Indiana (b) with respect to whom Defendant Portfolio Recovery Associates, LLC sent or cause to be sent a letter (directly or by an agent or attorney) (c) to collect a credit card debt (d) more than seven years after chargeoff based on defendant's records (e) which letter referred to "trade line," "credit report" or "credit reporting agencies" and (f) was sent at any time during a period beginning March 6, 2011 and ending August 26, 2012.

(Dkt. 186.) Plaintiffs request that the class definitions of the certified classes be modified to only include those who actually paid in response to the collection letters, those who have not received a subsequent letter from PRA informing them that the debt is time-barred or no longer can be reported on their credit report, and those who have filed a lawsuit. Defendant filed a response in opposition as well as a Motion to Decertify the Classes.

## ANALYSIS

A district court has the authority to modify a class definition and retains the power to modify that definition at different stages in litigation. *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 750 (7th Cir. 2005); *In re Motorola Sec. Litig.*, 644 F.3d 511, 518 (7th Cir. 2011); *Buycks-Roberson v. Citibank Fed. Sav. Bank*, 162 F.R.D. 322 (N.D. Ill. 1995).

The two certified classes contain upwards of 400,000 people. (Dkt. 218.) Parties previously argued whether the classes could be certified because the monetary relief to class members would be *de minimis*. Plaintiffs argued that notice to the class alone constitutes

substantial relief, as class members would be notified that their debt is past the statute of limitations or credit reporting period, or both. After conducting discovery in this case, Plaintiffs discovered that PRA revised its collection letters to contain language notifying the recipient that the debt at issue is time-barred[1]. (Dkt. 210.) Thus, many of the class members have already received notice. Plaintiffs argue that the value of notice is no longer an added benefit for those class members and that narrowing the class to those who have actually paid or those who have not yet been informed that their debts are time-barred or not subject to credit reporting, will increase the amounts paid to each class member. Defendant not only opposes Plaintiffs' motion to modify class definition, but argues that the previously certified classes should now be decertified[2].

In its opposition to Plaintiffs' Motion for Class Certification, Defendant argued that the classes as currently defined should not be certified because a potential for *de minimis* recovery by class members. Defendant renews this argument now as support for their motion to decertify the classes. Defendant further argues that Plaintiffs' Motion is evidence that Plaintiffs' counsel is inadequate and that Plaintiffs' interests are antagonistic to those of the class members that

---

[1] Defendant contends that Plaintiffs made false representations to this Court regarding the timing of their discovery that PRA revised its letters. As evidence, Defendant notes that the plaintiff in *Slick v. Portfolio Recovery Associates, LLC*, N.D. Ill. 12-2562, alleged in her complaint that Plaintiffs' counsel's lawfirm was reviewing her case for a "potential co-counseling scenario." However, Plaintiffs did not file an appearance in that case, have never represented that plaintiff, and did not draft or participate in the filing of the motion cited by defense counsel.

[2] Defendant argues that this "new" class was not pled in the Complaint and is in violation of Federal Rule of Civil Procedure 15(a). However, as Plaintiffs correctly point out, this "new" class has always been a part of this litigation and the discovery already conducted in this case. Further, as noted above, district courts have discretion to modify class definitions at many points in litigation prior to final judgment.

Plaintiffs are attempting to "abandon."  However, Plaintiffs' proposed modification would appear to eliminate this concern.  A modification to a more limited group would be consistent with Plaintiffs' obligation to protect the best interests of the class, making the class size more manageable and allowing counsel to help those class members that may have suffered harm to receive a proportional recovery.  This is not evidence that Plaintiffs' counsel is inadequate.  Defendant's argument against eliminating those class members that have notice that their debts are time-barred is not persuasive.  These class members have received what could be the most substantial part of their relief if they remained in the class.

Defendant also argues that changing Plaintiffs' class definition would injure both Defendant and potential class members.  Defendant contends that this modification would have a fundamental impact on the FDCPA claims of any class member that is removed from the class.  Defendant also notes that Plaintiffs' claim stopped the statute of limitations period for three years.  If Plaintiffs had filed an amended complaint rather than a motion to modify class definition, many claimants would now be time-barred.  Thus, Defendant claims Plaintiffs' procedural decision to file a motion to modify class definition rather than amend their complaint will injure Defendant.  Defendant fails to explain or otherwise support their assertion that narrowing the class would result in "serious impacts" on potential class members' rights to "maintain an FDCPA claim under the tolling principles applicable to putative class claims" resulting in an injury to PRA.  While it is possible that the class could decrease if the statute of limitations period "clock" begins again, Defendant does not explain why this injury should form a basis for decertification of the classes.

Finally, Defendant contends that narrowing the class to members who made a payment after receipt of an allegedly deceptive letter requires an individualized determination as to the cause of any such payment, challenging whether the proposed modified class would satisfy the predominance requirement[3]. As noted in the previous order in this case, to prove a violation of 15 U.S.C. § 1692 (e), a plaintiff must show that the debt collector's statement was misleading or deceptive to an unsophisticated consumer. The individual issues of whether each class member was deceived by the letters at issue and made a payment due to that deception do not predominate over the common questions of whether the collection letters would mislead or deceive a unsophisticated consumer. The Seventh Circuit has held that "the fact that damages are not identical across all class members should not preclude class certification." *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. 2013). Further, "the need for individual damages determinations at [a] later stage of the litigation does not itself justify the denial of class certification." *Mullins v. Direct Digital, LLC*, 2015 WL 4546159 (7th Cir., July 28, 2015).

## CONCLUSION

For the reasons discussed above, Plaintiffs' Motion to Modify the Class Definition [210] is granted, and Defendant's Motion to Decertify Classes [218] is denied.

Date: October 8, 2015

JOHN W. DARRAH
United States District Court Judge

---

[3] Plaintiffs cite to several decisions to support its contention that "a consumer who pays money to a debt collector who engages in an FDCPA violation is entitled to get that money back." Also, as noted in a previous order, Defendant's liability in this case has not been conclusively established.