UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NACOLA MAGEE and <br> JAMES PETERSON, individually and on <br> behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PORTFOLIO RECOVERY <br> ASSOCIATES, LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 12 cv 1624 <br> ) <br> ) Judge John W. Darrah <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Nacola Magee and James Peterson have brought this class action against Portfolio Recovery Associates, LLC ("PRA") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* Both parties filed Motions for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons stated below, Defendant's Motion for Summary Judgment [277] is denied as to Counts I and II. Plaintiffs' Motion for Summary Judgment [269] is granted.

## LOCAL RULE 56.1

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires the nonmoving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). Pursuant to Local Rule 56.1(b)(3)(C), the nonmovant may submit additional statements of material facts that "require

the denial of summary judgment." To the extent that a response to a statement of material fact provides only extraneous or argumentative information, this response will not constitute a proper denial of the fact, and the fact is admitted. *See Graziano v. Vill. of Oak Park*, 401 F.Supp.2d 918, 936 (N.D. Ill. 2005). Similarly, to the extent that a statement of fact contains a legal conclusion or otherwise unsupported statement, including a fact that relies upon inadmissible hearsay, such a fact is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997).

## BACKGROUND

The following facts are taken from the Complaint and the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.

PRA is a business that engages in the purchasing of defaulted debts originally owed to others and incurred for personal, family, or household purposes. (Am. Compl. ¶ 8.) On October 3, 2011, PRA sent Magee, a resident of Illinois, a letter to collect on a debt originally owed by Magee to Capital One Bank. (*Id.* ¶¶ 14-19 & Ex. A.) The letter stated:

> Your account was purchased on 7/8/2011 from Capital One Bank, N.A. This letter confirms your arrangement to make the following payment(s) to settle this account.
>
> Payment in the amount of $250.00 is due by 10/5/2011.
> Payment in the amount of $193.93 is due by 10/29/2011.
> Payment in the amount of $198.93 is due by 11/29/2011.
>
> Should you miss any of the payments described herein, this payment plan may become null and void.
>
> If you complete this payment plan and our company is reporting our company's trade line for this account to the three major credit reporting agencies, our company will report this account as settled.

(Am. Compl. Ex. A.) Magee alleges that this debt was incurred prior to 2004, if it was incurred at all. (Am. Compl. ¶ 19.)

On August 22, 2011, and August 29, 2011, PRA sent Peterson, an Indiana resident, letters to collect on two separate debts that were originally owed to Capital One Bank. (*Id.* ¶¶ 20-34 & Exs. B, C.) Peterson alleges that these debts were incurred prior to 2005, if they were incurred at all. (*Id.* ¶¶ 28, 34.) Both letters stated:

> We want to help you resolve your account and have developed three affordable options for you to pay off this account [including] Single Payment Settlement Option [,] 6 Month Settlement Plan [and] Balance in Full Payment Plan.
>
> Your account will be considered "Settled in Full" after we post your final payment.
>
> [PRA] purchased the account referenced above on 07/28/2011.

(Am. Compl. ¶¶ 27, 33 & Exs. B, C.)

In Count I, Plaintiffs allege that PRA violated the FDCPA by "sending consumers collection letters that contain settlement offers on time-barred debts without disclosure of the fact that the debt is time barred." (*Id.* ¶ 45.) Plaintiffs further allege that the "nondisclosure in conjunction with the offers of a 'settlement' in Exhibit A-C implies a colorable obligation to pay and is misleading to the consumer." (*Id.* ¶ 47.) In Count II, Magee alleges that PRA violated the FDCPA "by referring to credit reporting on debts so old that they cannot be reported on an ordinary credit report." (*Id.* ¶ 63.) Plaintiffs seek actual and statutory damages pursuant to the FDCPA. Plaintiffs filed this action on March 6, 2012. After this Court granted PRA's Motion to

3

Dismiss, Plaintiffs filed a First Amended Complaint on August 23, 2012.[1] Defendant then filed a Motion to Dismiss the First Amended Complaint. The Motion was denied.

## LEGAL STANDARD

Summary judgment should be granted where the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). The moving party is responsible for informing the court of what in the record or affidavits demonstrates the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets its burden, the nonmoving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that there is still a genuine issue of material fact. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find" for the nonmovant. *Anderson*, 477 U.S. at 252.

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 247-48; *Popovits v.*

---

[1] On January 17, 2013, this Court denied PRA's Motion to Dismiss Plaintiffs' Amended Complaint. On April 30, 2013, on PRA's Motion, the case was stayed; the stay was lifted on March 19, 2014.

*Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999).  However, a metaphysical doubt will not suffice.  *Matsushita*, 475 U.S. at 586.  If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted.  *Anderson*, 477 U.S. at 249-250.

**ANALYSIS**

*Count I*

Plaintiffs contend PRA engaged in unfair and deceptive acts and practices in violation of Sections 1692e, 1692e(5), 1692e(10), and 1692f of the FDCPA by failing to disclose to the Plaintiffs that the statute of limitations had expired and that the debt could not be collected through a court action.  Plaintiffs further allege that PRA's offers in the collection letters to "settle" the debt are misleading because it implies that a time-barred debt is legally enforceable.  (*Id*. ¶ 30.)

Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*      \*      \*
>
> (2) The false representation of –
>
> (A) the character, amount, or legal status of any debt; . . .
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> \*      \*      \*
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." "[I]n deciding whether . . . a representation made in a dunning letter is misleading the court asks whether a person of modest education and limited commercial savvy would be likely to be deceived." *Evory v. RJM Acquisitions Funding L.L.C.,* 505 F.3d 769, 774 (7th Cir. 2007). The court views the letter through the perspective of an "unsophisticated consumer." *Lox v. CDA, Ltd.,* 689 F.3d 818, 822 (7th Cir. 2012). This standard applies to claims under both § 1692e and § 1692f. *Turner v. J.V.D.B. & Assoc., Inc.,* 330 F.3d 991, 997 (7th Cir.2003).

The Seventh Circuit has held that "a debt collector violates the FDCPA when it misleads an unsophisticated consumer to believe a time-barred debt is legally enforceable regardless of whether litigation is threatened . . . ." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014). Further, "a settlement offer on a time-barred debt implies that the creditor could successfully sue on the debt. If unsophisticated consumers believe either that the settlement offer is their chance to avoid court proceedings where they would be defenseless, or if they believe that the debt is legally enforceable at all, they have been misled, and the debt collector has violated the FDCPA." *McMahon*, 744 F.3d at 1022. However, the *McMahon* court does not hold that a dunning letter for a time-barred debt is a violation of the FDCPA as a matter of law, stating that "an unsophisticated consumer *could* be misled by a dunning letter for a time-barred debt, especially a letter that uses the term "settle" or "settlement." *Id* (emphasis added).

There are three categories of § 1692e cases: (1) cases in which the allegedly offensive language is plainly and clearly not misleading; (2) cases that include debt collection language that is not misleading or confusing on its face, but has the potential to be misleading to the unsophisticated consumer; and (3) cases involving letters that are plainly deceptive or

6

misleading. Cases in the first category do not require any extrinsic evidence to show that the reasonable unsophisticated consumer would not be confused by the pertinent language. If a case falls into the second category, "plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." Cases in the third category do not require any extrinsic evidence in order for the plaintiff to be successful. *Ruth v. Triumph P'ships*, 577 F.3d 790, 800-801 (7th Cir. 2009); *Lox*, 689 F.3d at 822.

It has been well established by the Seventh Circuit that typically, whether a dunning letter is confusing is a question of fact. *McMahon,* 744 F.3d at 1020; *Evory,* 505 F.3d at 776; *Lox,* 689 F.3d at 822. However, Plaintiffs may prevail on a motion for summary judgment without providing extrinsic evidence if the statements in question are plainly and clearly misleading on its face and if the statements are materially false. *Hahn v. Triumph P'ships,* 557 F.3d 755, 757–58 (7th Cir. 2009) (finding that, "[m]ateriality is an ordinary element of any federal claim based on a false or misleading statement"); *Lox,* 689 F.3d at 822. A false or misleading statement is material if it has "the ability to influence a *consumer's* decision." *O'Rourke v. Palisades Acquisition XVI, LLC,* 635 F.3d 938, 942 (7th Cir. 2011). If the letter "does not plainly reveal that it would be confusing to a significant fraction of the population, the plaintiff must come forward with evidence beyond the letter and beyond his own self-serving assertions that the letter is confusing in order to create a genuine issue of material fact for trial." *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 415 (7th Cir. 2005)

At issue is whether the "settlement" language in the Magee and Peterson letters misleads the consumer to believe that their time-barred debt is legally enforceable. Magee's letter, as more fully set out above, states, "[i]f you complete this payment plan and our company is

7

reporting our company's trade line for this account to the three major credit reporting agencies, our company will report this account as settled." Both Peterson letters refer to three payment options, two of which are called "Settlement Option" or "Settlement Plan". The Peterson letters also note that Peterson's account "will be considered 'Settled in Full' after [Defendant] post[s] [Peterson's] final payment."

Plaintiffs cite to *Pantoja v. Portfolio Recovery Associates, LLC,* No. 13 C 7667, 2015 WL 848568, *3 (N.D. Ill. Jan. 14, 2015), for the proposition that any dunning letter that does "not tell the consumer that the debt is time-barred and defendant cannot sue plaintiff to collect it . . . [and] the effect of making (or agreeing to make) a partial payment on a time-barred debt is to revive the statute of limitations for enforcing that debt" is deceptive on its face and violates the FDCPA. The *Pantoja* court held that the failure to include language regarding the law's limits on how long the plaintiff could be sued on the debt was deceptive on its face in light of the language implying that the debt was legally enforceable and that the defendant chose not to sue. Here, as in *Pantoja,* Defendant failed to include language stating that Plaintiffs' debt was time barred, that they could no longer be sued on that debt, and that a partial payment would reset the statute of limitations period. Defendant's failure to include such language in the dunning letter is clearly deceptive on its face. Thus, summary judgment may be awarded without extrinsic evidence as the deceptive language is materially false.

The "settlement" language in the Magee and Peterson letters offer a significant savings on the consumers' debts and encourage them to act quickly to take advantage of these savings. By failing to include language that the law limits how long consumers can be sued on their debt, the statements in question urge them to make payments on time-barred debt without informing them of the consequences of making those payments, i.e. "a gullible consumer who made a

partial payment would inadvertently have reset the limitations period and made herself vulnerable on the full amount." *McMahon*, 744 F.3d at 1021. Such language could influence a consumer's decision, and is material. Thus, Plaintiffs' Motion for Summary Judgment as to Count I is granted.

*Count II*

In Count II, Magee alleges that PRA violated Sections 1692e and 1692f of the FDCPA "by referring to credit reporting on debts so old that they cannot be reported on an ordinary credit report." (*Id*. ¶ 63.) Magee's letter states, "If you complete this payment plan and our company is reporting our company's trade line for this account to the three major credit reporting agencies, our company will report this account as settled."[2]

In *Lox*, the Seventh Circuit cited the Ninth Circuit's decision in *Gonzalez v. Arrow Fin. Servs., LLC*, 660 F.3d 1055 (9th Cir. 2011) (*Gonzalez*), holding that the decision "establish[ed] that it is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Id*. In *Gonzalez*, the "debt collector sent a collection letter that stated, "if we are reporting the account, the appropriate credit bureaus will be notified that this account has been settled." *Id*. at 1059. The *Gonzalez* court held, "[a]s there is no circumstance under which [the debt collector] could legally report an obsolete debt to a credit bureau, the implication that [the debt collector] could make a positive report in the event of payment is misleading." *Id.* at 1063; *Lox*, 689 F.3d at 824-25.

---

[2] Counts I and II are both premised on this language from Magee's letter. In Count I, Plaintiffs base their claim on the "settlement" language in Magee's letter and in Peterson's letters. In Count II, Plaintiffs base their claim on the "credit reporting" language in Magee's letter.

As stated above, whether a dunning letter is confusing is a question of fact. *McMahon,* 744 F.3d at 1020; *Evory,* 505 F.3d at 776; *Lox,* 689 F.3d at 822. However, Plaintiffs may prevail on a motion for summary judgment without providing extrinsic evidence if the statements in question are plainly and clearly misleading on its face and if the statements are materially false. *Hahn,* 557 F.3d at 757–58. The language at issue here is the statement in the Magee letter that indicates that Defendant would report Magee's debt as "settled" to a credit reporting agency if Magee agreed to the suggested payment plan. This language is nearly identical to the language discussed in *Gonzalez.* As in that case, there is no circumstance under which Defendant could legally report an obsolete debt to a credit reporting agency or make a positive report in the event of payment. The implication that Defendant could do so here is misleading on its face. Thus, extrinsic evidence is unnecessary. *See Slick v. Portfolio Recovery Associates, LLC*, No. 12 C 2562, 2014 WL 4100416 (N.D. Ill. Aug. 20, 2014).

To prevail on its Motion for Summary Judgment on Count II, Plaintiffs must also show that the false or misleading statements are material. A false or misleading statement is material if it has "the ability to influence a *consumer's* decision." *O'Rourke v. Palisades Acquisition XVI, LLC,* 635 F.3d 938, 942 (7th Cir. 2011). As noted by Plaintiffs, misleading a consumer to believe a debt is legally reportable and that making a payment on that debt will improve his or her credit score is a deception that has the ability to influence that consumer's decision. Therefore, because the statements regarding "credit reporting" are misleading on their face and materially false, Plaintiffs' Motion for Summary Judgment is granted as to Count II. Defendant's Motion for Summary Judgment is denied as to both Counts I and II of Plaintiffs' First Amended Complaint.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment [277] is denied and Plaintiffs' Motion for Summary Judgment [269] is granted.

Date:   May 9, 2016

JOHN W. DARRAH
United States District Court Judge