UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NACOLA MAGEE and<br>JAMES PETERSON, individually and on behalf<br>of all others similarly situated,<br><br>       Plaintiffs,<br>   v.<br><br>PORTFOLIO RECOVERY<br>ASSOCIATES, LLC,<br><br>       Defendant. | Case No. 12-cv-1624<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

On May 9, 2016, Portfolio Recovery Associates, LLC's ("Defendant") Motion for Summary Judgment was denied as to Counts I and II of Plaintiffs' First Amended Complaint, and Plaintiffs Nacola Magee and James Peterson's ("Plaintiffs") Motion for Summary Judgment was granted. On June 6, 2016, Defendant filed a Motion to Reconsider, or Alternatively, to Stay [294] pursuant to Federal Rule of Civil Procedure 59(e). For the reasons set forth below, Defendant's Motion [294] is denied.

## BACKGROUND

Plaintiffs brought this class action against Defendant for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq*. On August 15, 2012, this Court granted Defendant's Motion to Dismiss Plaintiffs' initial Complaint and granted Plaintiffs leave to file an amended pleading. Plaintiffs filed a two-count amended complaint on August 23, 2012 (Dkt. 39), asserting violations of the FDCPA in Count I (Misleading Settlement Offers on Time-Barred Debts) and Count II (Threat of Credit Reporting).

On October 16, 2015, Plaintiffs filed a Motion for Summary Judgment on all of Plaintiffs' claims. (Dkt. 269.) Defendant filed a Response to the Motion for Summary Judgment as well as a Cross-Motion for Summary Judgment. (Dkt. 277.) On May 9, 2016, the Court denied Defendant's Motion for Summary Judgment as to Counts I and II and granted Plaintiffs' Motion for Summary Judgment ("Order"). (Dkt. 292.) Defendant filed a Motion to Reconsider the Order granting Plaintiff's Motion for Summary Judgment on Count I of the First Amended Complaint or, alternatively, to stay this case pending the outcome of an appeal of a case cited in this Court's opinion. (Dkt. 294.)

For purposes relevant to the Motion at issue, the Order held that Defendant's failure to include language stating that Plaintiffs' debt was time barred, that Plaintiffs could no longer be sued on that debt, and that Plaintiffs' partial payment would reset the statute of limitations period was clearly deceptive on its face. (Order at p. 4.) Therefore, summary judgment was awarded on Count I without extrinsic evidence as the deceptive language is materially false.[1]

## LEGAL STANDARD

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir.1996) (internal citation omitted). Under Federal Rule of Civil Procedure 59(e), a motion to alter or amend a judgment is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A manifest error of law is the "disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan,* 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

---

[1] The Order also granted the Plaintiffs' Motion for Summary Judgment on Count II of the Amended Complaint.

2

To succeed on a Rule 59(e) motion, the movant must "clearly establish one of the aforementioned grounds for relief." *Harrington,* 433 F.3d at 546.

Rule 59 is not intended as an opportunity to reargue the merits of a case, *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir.2003), or to submit evidence that could have been presented earlier. *Dal Pozzo v. Basic Machinery Co., Inc.*, 463 F.3d 609, 615 (7th Cir. 2006) (citing *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir.1995)); *see also Oto*, 224 F.3d at 606 (7th Cir. 2000) (a motion to reconsider should not be used to rehash previous arguments).

## ANALYSIS

Applying these guidelines here, the Motion must be denied. Defendant presents three arguments as to why the Court should reconsider its judgment granting Plaintiff's Motion for Summary Judgment on Count I under Rule 59(e). First, Defendant argues that the Court erred because it did not address whether an unsophisticated consumer would believe the Defendant's settlement offer implied that it would sue. Defendant further argues that the Court previously found that the letters were plainly and clearly not misleading. Finally, the Defendant argues that the Court erred in finding that the language in the letters could influence a consumer's decision and was material and that applying *Pantoja v. Portfolio Recovery Associates, LLC*, No. 13 C 7667, 2015 WL 848568, *3 (N.D. Ill. Jan. 14, 2015), was in error.

Defendant raised its first argument (that an unsophisticated consumer would not believe the settlement offer implied that the Defendant would sue) in its Cross-Motion for Summary Judgment. In its Memorandum in Support of its Cross-Motion, Defendant argued that Plaintiffs must prove that the letters at issue deceived unsophisticated consumers into believing that the debts were legally enforceable. (*See, e.g.,* Dkt. 277 at pp. 8, 14-15, 19.) In the Order, the Court determined that Defendant's failure to include language in the dunning letter that Plaintiff's debt

3

was time barred, that Plaintiffs could no longer be sued on the debt and that a partial payment would reset the statute of limitations period is clearly deceptive on its face, and that the "settlement" language in the letters misleads consumers to believe that their time-barred debt is legally enforceable. Order at pp. 7-9. Because the Defendant raises arguments in the Motion that the Defendant has already presented and that this Court has already considered and rejected, the Motion is denied.

Next, Defendant argues that the Court erred in finding the letter fell within the "clear violation" category because this Court previously held, on August 15, 2012, that the language in the letters was plainly and clearly not misleading.[2] According to Defendant, the Court previously held that the language in the letters fell within the plainly and clearly not misleading category because the Court noted that a dunning letter may use "settle" or "settlement" and that the operative pleading at the time did not contain allegations that the letters were threatening or confusing. (Dkt. 294 at p. 5.) Defendant's argument, however, takes liberties with the Court's prior ruling and misconstrues the holding.

The prior ruling, granting Defendant's Motion to Dismiss the Plaintiffs' initial Complaint, held that the allegations in the initial Complaint had not alleged that the letters contained "any threat, either explicit or implicit," was accompanied by actual litigation, or that

---

[2] There are three categories of § 1692e cases: (1) cases in which the allegedly offensive language is plainly and clearly not misleading; (2) cases that include debt-collection language that is not misleading or confusing on its face but has the potential to be misleading to the unsophisticated consumer; and (3) cases involving letters that are plainly deceptive or misleading. Cases in the first category do not require any extrinsic evidence to show that the reasonable unsophisticated consumer would not be confused by the pertinent language. If a case falls into the second category, "plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." Cases in the third category do not require any extrinsic evidence in order for the plaintiff to be successful. *Ruth v. Triumph P'ships*, 577 F.3d 790, 800-801 (7th Cir. 2009); *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012).

any language contained in the letters was confusing. (Dkt. 38 at p. 6.) The prior ruling noted that a debt collector is allowed to use the term "settle" or "settlement" in a debt-collection letter. (*Id.*) The prior ruling does not, however, hold that the letters were plainly and clearly not misleading nor does the prior ruling contradict the Order. In this respect, the prior ruling did not specifically hold that the letters were plainly and clearly not misleading. Moreover, the prior ruling was based on procedurally different grounds. Because the Order does not contradict this Court's prior ruling, the Defendant's argument is without merit, and the Motion is denied.

Defendant further argues that the Court erred in finding that the language in the letters could influence a consumer's decision and was material. (Order at p. 9.) The Defendant argues that the Court erred in determining that the letter fell into the "clearly deceptive" category (Category 3) but should have analyzed the claim as falling within question of fact category (Category 2). Once again, the Defendant has already presented these arguments, which the Court rejected.

In its Memorandum in Support of its Cross-Motion, Defendant argued that Plaintiffs must prove that the language in the letters was deceptive and that the language was material. (*See, e.g.,* Dkt. 277 at pp. 11, 18.) The Order explains that extrinsic evidence is not necessary if the statements in question are plainly and clearly misleading on its face and if the statements are materially false. (Order at p. 7 (citing, among others, *Ruth v. Triumph P'ships*, 577 F.3d 790, 800-01 (7th Cir. 2009); *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012); and *Hahn v. Triumph P'ships*, 557 F.3d 755, 757-58 (7th Cir. 2009))). The Order further states that the Defendant's failure to include language stating that Plaintiffs' debt was time barred, that they could no longer be sued on that debt, and that a partial payment would reset the statute of limitations period is clearly deceptive on its face and that, therefore, summary judgment could be

5

awarded without extrinsic evidence as the deceptive language is materially false. (Order at p. 8.) The Order states that the "settlement" language in the letters offers significant savings on consumers' debts, encourages them to act quickly and that by failing to include language that the law limits how long consumers can be sued on their debt, the statements in question urge the consumers to make payments on time-barred debt without informing them of the consequence of making payments and that such language could influence a consumer's decision and is materially false. (*Id*. at pp. 8-9.) Because Plaintiffs were not required to present extrinsic evidence, the Court did not err in its finding. Accordingly, the Motion is denied.

The Defendant next argues that the Court erred in its application of *Pantoja* to the letters. Defendant's only argument is that the letters in this case are not identical to the letter at issue in *Pantoja*. (Mot. at p. 9, stating "In contrast, [Defendant's] letters in this case do not reference a lawsuit at all.") While the letters are not identical, the circumstances in this case and *Pantoja* are similar enough that *Pantoja* provides guidance such that extrinsic evidence is not necessary in this case.

In *Pantoja*, the failure to include language regarding the law's limits on how long the plaintiff could be sued on the debt was deceptive on its face in light of language in the letter implying that the debt was legally enforceable and that the defendant chose not to sue. Here, as in *Pantoja*, Defendant failed to include language stating that Plaintiffs' debt was time barred, that they could no longer be sued on that debt, and that a partial payment would reset the statute of limitations period. As this Court found similarity between the letter at issue in *Pantoja* and the letters at issue here, this Court concluded that Defendant's failure to include such language in its dunning letters is clearly deceptive on its face and awarded summary judgment without extrinsic

evidence, as the deceptive language is materially false. Accordingly, the Court did not err in its application of the *Pantoja* case to this case. Defendant's Motion is denied.

Finally, the Court declines to stay this matter pending the appeal of the *Pantoja* case. The Court's ruling on the parties' summary judgment motions leaves damages to be determined. As this case is nearing its end, the Court will not stay the case pending the appeal.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Reconsider or, Alternatively, to Stay [294] is denied.

Date: September 13, 2016

JOHN W. DARRAH
United States District Court Judge